CITY OF HARTFORD *vs.* CAROLINE E. DAY.

First Judicial District, Hartford, March Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

In the determination of the question of "public convenience and necessity" in the layout of a highway within one hundred yards of a railroad track, under § 2700 of the General Statutes, the main elements for consideration are those of accommodation of the public travel and the dangers arising from the proximity of the railroad. The element of increased expense by reason of the location within the prohibited distance, may also be a matter for consideration, but the judge is not required to give to this element of expense the same weight and effect that might be given to it by a committee appointed by the Superior Court to hear and determine the question of the layout of a highway, under § 2713 of the General Statutes.

[Argued March 7th—decided April 2d, 1894.]

APPLICATION under § 2700 of the General Statutes, by the city of Hartford, for the approval of a proposed highway within one hundred yards of a railroad track; brought before *Hon. Samuel O. Prentice*, a Judge of the Superior Court, who found the facts and rendered a judgment of approval, and appeal by the respondent for alleged errors of the judge. *No error.*

The application alleged that the city of Hartford proposed to lay out and open to the public in said city, a street or highway (particularly described) within one hundred yards of the railroad tracks of the Philadelphia, Reading and New England Railroad, running from Church street northerly to Spring street; and that public convenience and necessity required said proposed street or highway to be located, laid out and opened to the public, as set forth in the application.

The finding of facts as made by the judge is as follows :—

Upon the hearing in the above-entitled application, made to me as a Judge of the Superior Court, Caroline E. Day, an owner of land through which the proposed highway passes, and a party in interest, offered evidence to prove that the layout and construction of said proposed highway was not of public convenience and necessity, for the reason that existing highways substantially accommodate public travel as much as the proposed highway would do ; and in connection therewith, and for the purpose of showing that public convenience and necessity did not require the layout of the proposed highway, offered evidence to prove that the expense involved in the layout and construction of said highway by reason of land damages and otherwise would be of large amount, and asked me, in the determination of the questions before me—

1. To give the same consideration and weight to this element of expense as a committee appointed by the Superior Court to hear and determine upon the layout of a highway under the provisions of § 2713 of the General Statutes would be bound to give it.

2. To hold that in passing upon the question of public convenience and necessity of the proposed highway I should

govern myself by the same rules as to the effect of such expense as would be by law required of such committee.

3. To rule that under the statute under which it was brought it was the duty of the judge to pass upon the question of the public convenience and necessity of said proposed highway in the same manner as such committee is required to do; and

4. To adjudge that public convenience and necessity did not warrant the expenditure involved, if I should find the expense to be large as claimed.

I declined to so rule and hold, and did not, in fact, give to the element of expense that weight and importance asked for it. My action, and the weight given by me to said testimony concerning expense, is indicated by the following extract from the memorandum filed with my approval of said layout:

"The ultimate problem involved in the layout of a highway connecting the junction of Spruce and Church streets with Spring street, is one which necessitates the consideration of three principal factors, to wit:

"1. That of the accommodation of public travel.

"2. That of the danger arising from the railroad proximity.

"3. That of the expense and its distribution.

"In the final determination of the question of plan the factor of cost is one justly entitled to prominence. The best plan under all the circumstances is not always the best judged by results alone. It is the one which is evolved from the giving of due regard to cost and result; the one which most judiciously balances accommodation, safety and expense.

"The decision of this ultimate question of what shall be built, if anything, is for the city of Hartford alone. It is not for me. I am applied to under the requirements of a statute to give my consent to a certain layout. I have no power in the premises to direct a layout, and no action of mine can have any affirmative effect. The statute gives me only an authority akin to the power of veto, a negative authority, merely. The question before me is not whether a highway should be laid out and constructed by the city within the

lines set out in the application; it is simply whether I will, in view of the proximity of the proposed layout to a railroad, and under the circumstances, give my consent to the layout if the city shall, after the consideration it is called upon to give the matter, decide to adopt it for a highway. The element of expense is one, I take it, which has more importance in the determination which the city itself must make of the question whether or not it will build, than it has in the decision of the question before me whether or not I ought to permit the city to build if it shall desire to. In the present case, while the expense of construction will apparently be large, and so large as to rightfully put the city upon inquiry as to how it should be borne, and as to whether the results will justify it, I do not regard it so large or so out of proportion to the ability of the city to bear it, as that it ought to enter as an important factor into the problem before me. To my mind, the important considerations which must most largely control my action, are the two of public accommodation and danger. In this view of the matter, I have no trouble in arriving at the conclusion that the danger incident to the use of the highway by reason of its proximity to the railroad is not so great as to outweigh the demands for a highway in the route proposed."

The court of common council of the city of Hartford has exclusive power within said city to lay out, make and establish new highways and streets, whenever they deem it for the public good to do so. Special Laws, Vol. IX, p. 625, § 14.

Section 2700 of the General Statutes provides that:—" No highway which does not cross a railroad track shall be laid out or opened to the public within one hundred yards of any railroad track, unless the layout has been approved by a judge of the Superior Court, after notice to all parties in interest, and his written approval lodged in the office of the town clerk of the town in which the proposed highway is situated. No judge shall approve any such layout unless he finds that public convenience and necessity requires such highway to be within such distance, and upon such approval, the judge may require any town opening a highway to the

public within such distance to erect and maintain such a fence between such highway and the railroad track as in his opinion the safety of the public may require."

Caroline E. Day, a person through whose land the proposed new highway was laid, appealed from the action of the judge to this court, and assigned as reasons for her appeal that :—

1. The judge should upon the hearing before him have given the element of expense of the proposed highway the same consideration and weight as a committee appointed by the Superior Court to hear and determine upon the layout of such proposed highway, under the provisions of § 2713 of the General Statutes, would be bound to give it.

2. The judge erred in not holding as requested by this defendant, that in passing upon the question of the public convenience and necessity of the proposed highway he should govern himself by the same rules as to the effect of such expense as would be by law required of such a committee.

*Charles E. Perkins* and *Arthur Perkins*, for the appellant (respondent).

*Timothy E. Steele*, for the appellee (plaintiff).

ANDREWS, C. J.   The object of laying out a public highway is to accommodate public travel—to meet the demands of common convenience and necessity between the given termini.   *Clark* v. *Town of Middlebury*, 47 Conn., 334.   The question involved must be regarded as to the common convenience and necessity of a highway in that locality.   *Terry* v. *Town of Waterbury*, 35 Conn., 533.   Whenever a new highway is proposed to be laid out by the selectmen of a town, the common council of a city, or a committee of the Superior Court, the general question always must be :—Does common convenience and necessity require a highway at substantially this place ?

The expression " common convenience and necessity " is often found in the statutes of this State and in our judicial

decisions, and is applied to various subjects of a common and public nature. It is an expression not very easy to define, but its meaning may be sufficiently well understood by considering the elements of which it is composed. When it is applied to a new highway, one element which properly enters into it is the one of expense—the expense of laying out and constructing the highway, and the expense of maintaining it after it is laid out. *Townsend* v. *Hoyle*, 20 Conn., 7 ; *Perkins* v. *Town of Andover*, 31 id., 601 ; *Hoadley* v. *Town of Waterbury*, 34 id., 38 ; *Congdon* v. *City of Norwich*, 37 id., 414 ; *Howe* v. *Town of Ridgefield*, 50 id., 594.

It is not, however, the simple question of cost that is to be considered in such cases, but the mixed question of cost compared with the ability of the municipality upon which the expense is cast to bear it. Thus, as it was said in *Bristol* v. *Town of Branford*, 42 Conn., 323 :—" The town upon which some portion at least of the cost of constructing the proposed highway might possibly be thrown, and upon which the duty of keeping the same in repair would rest in the future, had a right to offer evidence as to the expense of construction and reparation. To give this evidence its proper weight the ability or inability of the town should be known. There can be no fixed rule for all cases—the weight of the burden to be borne and the ability of the town to bear it are to be considered in relation to each other. A town with a grand list of fifty millions might quite conveniently, and even profitably to itself, construct a highway at a cost of thirty thousand dollars, while it would be unreasonable to impose such an expenditure upon a town with a grand list of only one million. It was the plain duty of the committee to consider the cost of building and maintaining this road and the ability of the town, in determining the question of common convenience and necessity." This is the rule which a committee appointed by the Superior Court to lay out a highway should follow.

The finding in the present case shows that the judge did, in substance, do just what a committee of the Superior Court would by law have been required to do. He considered the

question of expense as compared with the ability of the city of Hartford to bear it.

The precise point complained of by the appellant is that the judge in passing upon the question of common convenience and necessity, did not give to the element of expense the same *weight* which a committee of the Superior Court would by law be required to give it. This objection assumes that there is some standard fixed by law, by which the element of expense is, in all cases, to be determined. We are not aware that there is any such standard, and appellant's counsel do not point out one to us. Indeed, from the nature of things, it is impossible that there should be any such fixed standard. The expense, to be sure, is one of the elements which go to make up common convenience and necessity. But in any case where a new highway is to be laid out the element of expense is itself a mixed one, made up of the cost of the highway compared with the ability of the municipality to bear that cost. Until there is some fixed ratio between the cost of a highway and the ability of the municipality to bear the cost, the element of expense in the question of common convenience and necessity must be a varying one.

This reason of appeal may be viewed in another aspect. When a new highway in any locality is proposed, the question is whether or not common convenience and necessity require a highway at that place, or in substantially that place. The expense is one of the elements which must be considered. When the proposed highway is within one hundred yards of a railroad track, there is another element which also must be considered :—the one of danger arising from the proximity of the railroad ; danger both to persons traveling on the highway and to persons on the railroad. Except for this element of danger the approval of a judge would not be required. And as it is this element of danger which makes necessary the approval of a judge, we think it is this element which the judge should mainly consider. The approval of the judge implies an adjudication upon this element of danger. *Bailey* v. *Hartford & Conn. Valley Railroad Co.*, 56 Conn., 457. The command of the statute (§ 2700) is that

the judge shall not approve such a layout unless he finds that common convenience and necessity require such highway to be within such distance. The question involved in the judge's approval is not the general one of whether or not there shall be a highway at this place, but the limited one whether or not the highway shall be within one hundred yards of the railroad. Before there can be anything for the judge to approve or disapprove, the general question must be answered in the affirmative. The alternative to the approval of the judge is not that the highway must not be built at all, but that it must not be built within the prohibited distance from the railroad track. So far as the question of expense enters into the limited question upon which the judge acts he must consider it. Incidentally, perhaps, the expense of the entire layout might be involved, and then he must consider the whole expense, but only so far as it affects the restricted question upon which he passes.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.