APPEAL OF THE CORPORATION OF ST. JOHN'S CHURCH OF WATERTOWN, FROM THE ACTION OF THE SELECTMEN OF SAID TOWN.

\* Third Judicial District, New Haven, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

One who seeks to establish the abandonment of a highway assumes the burden of proof.

The fact that a highway in constant use for more than one hundred years has not been occupied and worked, for a considerable period, to the whole width of its layout, will not extinguish the rights of the public in such unoccupied and unworked portions, in the absence of unmistakable evidence of abandonment upon the part of the town.

---

\* Transferred from the first judicial district.

The method prescribed by statute (General Statutes, §§ 2083, 2084) for ascertaining and re-establishing lost or uncertain highway boundaries is not inapplicable merely because it may be impossible to locate the line of the original survey by means of the courses and distances given therein, owing to a change in the magnetic north and to the lack of the old monuments to which the report of such layout referred.

The selectmen, in relocating lost highway boundaries, under §§ 2083, 2084, act as an administrative board and not in a judicial capacity; and therefore are not confined to the testimony of interested parties and their witnesses given under oath, but may inspect the premises, talk with old residents of the locality, and examine town and other records.

The course pursued by the selectmen in obtaining evidence is, however, immaterial on a hearing before the Superior Court on appeal, since the jurisdiction and powers of that court are unaffected by any action of the selectmen.

Submitted on briefs January 20th—decided February 3d, 1910.

APPEAL from the doings of the selectmen of the town of Watertown in re-establishing lost or uncertain boundaries of a highway, taken to and tried by the Superior Court in Litchfield County, *Curtis, J.;* facts found and judgment rendered confirming, in the main, the action of the selectmen, and appeal by the original appellant. *No error.*

*William Kennedy* and *John H. Cassidy*, for the appellant (St. John's Church).

*Terrence F. Carmody*, for the appellee (the town of Watertown).

RORABACK, J.    The original layout of Strait's Turnpike was established by the General Assembly in November, 1796, and provided for a road from the court-house in New Haven to the court-house in Litchfield, passing through the town of Watertown, which road has become the main street of the town.    In October, 1797, the Strait's Turnpike Company was incorporated by the General Assembly for the purpose of establish-

ing and keeping in repair Strait's Turnpike. This it did until October, 1854. Ever since this latter date the town of Watertown has had charge of this road as a public highway, and has from time to time improved and kept it in repair.

The 1796 layout was run by means of a compass, and was described by courses and distances having reference to certain monuments such as trees, stones, highway lines, etc. Prior to April, 1908, the actual boundaries had become lost or uncertain. On April 3d, 1908, pursuant to the provisions of § 2083 of the General Statutes, certain proprietors of land adjoining this highway applied to the selectmen of Watertown to re-establish the boundary lines of this highway. This application was made at the request of the selectmen. Thereupon the selectmen caused to be made a map of the highway in question, and also caused proper notices to be given, and, in accordance with these notices, met and heard all interested parties, under oath, who presented themselves. A decision in relation to the boundary lines of the highway was made, which, after due notice, was recorded in the records of the town of Watertown.

The highway as originally laid out was four rods or sixty-six feet wide, excepting in certain places indicated in the survey, where the highway as originally laid out was wider than sixty-six feet. The selectmen, in relocating the lines of the highway, ran them at least sixty-six feet apart.

Prior to the layout of Strait's highway through Watertown, there existed a public highway along what is now the portion of the Main Street in question. The layout of Strait's highway was an adoption of this old highway with such additions as were necessary to make it at least four rods wide.

The line of the original 1796 survey was made on the east side of the highway. It is now impossible to locate

that line by following the courses and distances given in the original report, because of the change in the magnetic north and the lack of original monuments referred to in the survey. The width, general direction, and length of courses of the highway and ownership of adjoining property, as set forth in the survey of 1796, were the only portions of that survey which were or might be of assistance to the selectmen in attempting to relocate the lines of the highway, and these portions were insufficient data from which to accurately run the survey. They, therefore, in addition to the evidence taken under oath at the hearings, resorted to such other methods of investigation as occurred to them for the purpose of relocating said lines. They examined the premises involved, talked with old residents of the locality, and examined town and other records. They found that it was impossible to exercise their judgment as to what lines coincided with the original lines of the survey otherwise than by the use of all the information obtainable from the original survey, and from a consideration of the present and past conditions and use of the highway.

Four of the proprietors of the land adjoining the highway, within the points affected by said decision, appealed to the Superior Court from the decision of the selectmen, pursuant to the provisions of § 2084 of the General Statutes, one of whom withdrew her appeal before the other three were heard by that court. The other appeals, including the appeal of St. John's Corporation, the appellant in this action, were heard together and decided by the Superior Court.

The appellant contends that the trial court erred in finding as an ultimate fact from the subordinate facts that the appellant's use of the land in question was permissive, and that said land was not abandoned as a highway by the public.

The finding establishes the fact that the original layout of this highway included the land in dispute. The burden of proof is on him who seeks to establish the abandonment of a highway, and the continuance of the street will be presumed until satisfactory evidence is produced to rebut it. Elliott on Roads & Streets (2d Ed.) § 872.

The public use for the purpose of travel rarely corresponds precisely with the boundaries of highways as fixed by the record of their layout. The fact that the highway has not been occupied and worked to its whole width for a considerable period will not extinguish the rights of the public to the parcels not so occupied or worked. This road as an entirety had been laid out and opened, and has constantly been in use, for more than one hundred years, and it cannot be curtailed in its width by the encroachments of adjoining proprietors without unmistakable evidence of abandonment upon the part of the town.

The finding justifies the conclusion that the land in controversy had not been abandoned for highway purposes.

Error is assigned on the court's refusal to find certain paragraphs of the draft-finding. While under Practice Book (1908) p. 269, § 11, the evidence certified to this court in support of the exceptions to this refusal is to be taken as embracing all the material evidence adduced at the trial as to the points in question, unless the contrary clearly appears, the contrary in this case does clearly appear on the face of the motion to correct the finding. That paper declared that the evidence to prove most of these points came from three witnesses, who are named. Their testimony does not appear in the evidence certified, which consists solely of that given by a fourth witness.

It is claimed that the trial court erred in holding that

§§ 2083 and 2084 of the General Statutes pointed out the proper procedure to be followed in this action.

It is evident that the purpose of these sections of the General Statutes is to furnish an easy and convenient method of defining bounds of highways which shall have been lost or become uncertain.

Section 2084 indicates the method of taking an appeal from the decision of the selectmen to the Superior Court. This section makes provision for the review of the doings of the selectmen by the Superior Court, which is authorized to confirm, change, or set aside the action of the selectmen. Apparently the remedy afforded by this statute is appropriate for the purposes of this case.

The appellant's contention, that the purpose for which the application was brought could not be legally attained under § 2083, because the original bounds of this highway cannot be found or ascertained, is fully answered by the finding and judgment of the trial court.

It appears that the selectmen met and heard all the interested parties, under oath, who presented themselves, and, in addition to this evidence, they examined the premises involved, talked with old residents of the locality, and examined town and other records. The action of the court in not setting aside the decision of the selectmen for this procedure is made the basis of one reason of appeal; the contention being that the proper administration of justice required that the investigation made by the selectmen should be governed by the precise rules regulating trials in civil cases.

The questions thus raised are two: (1) was the procedure so adopted by the selectmen correct; and (2) if incorrect, did that render the judgment of the Superior Court erroneous?

The selectmen were acting as an administrative

board, and not in a judicial capacity. Their mode of procedure was therefore fully justified. See *Hewitt's Appeal,* 76 Conn. 685, 58 Atl. 231.

But, were it otherwise, the jurisdiction of the Superior Court to deal with the appeal, and render such judgment as it might deem proper, would be unaffected. This it has done, and, if its own procedure was correct, it is of no consequence whether that pursued by the selectmen, in the particulars complained of, was correct or not.

There is no merit in the contention that the decision of the selectmen should have been vitiated because of the employment of the engineers Smith and Trowbridge. It clearly appears that these parties were not so interested in respect to the questions in issue as to make their employment irregular or improper.

The remaining reasons of appeal require no consideration, as they are predicated upon facts that have not been found, or upon errors claimed to have been made in reaching conclusions of fact from the evidence.

There is no error.

In this opinion the other judges concurred.