JOEL H. REED II, STATE'S ATTORNEY FOR TOLLAND COUNTY *v.* GEORGE E. RISLEY ET AL., SELECTMEN OF THE TOWN OF VERNON

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued January 9—decided February 5, 1964

*Robert J. Pigeon,* for the appellants (defendants).

*Wesley C. Gryk,* with whom, on the brief, was *Anthony J. Gryk,* for the appellee (plaintiff).

ALCORN, J. The question on this appeal is whether the defendant selectmen may, on a request properly made, refuse to call a special town meeting to act on the acceptance of designated streets as public highways on the ground that the purpose of the meeting is illegal because the streets have not received the prior approval of the selectmen. In an action in the nature of mandamus, the court ordered the defendants to call the meeting, and they have appealed.

On October 30, 1962, a group of qualified voters in Vernon filed, with the selectmen of the town, an application which concededly met the requirements of §§ 7-1 and 7-9 of the General Statutes. The application requested the selectmen to call a town meeting to consider whether the town should vote to accept, as public highways, three streets in Vernon. The streets appear on a 1934 map filed in the Vernon land records. The defendants refused to call the meeting on the ground that the purpose

of the meeting was illegal because the proposed streets were less than three rods in width and had not received the prior approval of a majority of the selectmen. The court has found that the person who laid out the streets did not seek or obtain the approval of the layout from the board of selectmen, that no certificate approving them is in the town clerk's possession, and that they are private ways less than three rods in width. The plaintiff has assigned error in these findings. Practice Book, 1963, § 623. In our view of the case, it is unnecessary to consider whether these facts are supported by the evidence. We shall assume, without deciding, that they were properly established. It does not appear from the record that a planning commission exists in Vernon.

At the time the case arose and was decided below, the applicable statutes were General Statutes §§ 13-3 and 13-25. Section 13-3 and the material portions of § 13-25 are quoted in the footnote.[1] These sections

---

[1] "Sec. 13-3. ACCEPTANCE OF HIGHWAYS BY MUNICIPALITIES. Any municipality whose duty it is to maintain the highways within its limits may, except as otherwise provided in its charter, at any annual or special meeting held for that purpose, accept as a public highway any street or highway situated in such municipality."

"Sec. 13-25. LAYOUT BY INDIVIDUALS. (a) No person, company or corporation, except municipal corporations, shall lay out any street or highway in this state less than fifty feet in width unless with the prior written approval of a majority of the selectmen of the town, . . . wherein such street or highway is located, except that, where there exists a planning commission in such town . . . operating under the general statutes or special act, which commission has adopted subdivision regulations, such written approval shall be obtained from such planning commission. (b) No street or highway shall be opened to the public until the grade, layout, location, width and improvements of such street or highway have received the written approval of the majority of the selectmen of the town . . . wherein such street or highway is located, except that, where there exists a planning commission in such town . . . operating under the general

of the statutes were rewritten by the 1963 General Assembly and now appear as §§ 48 and 71 respectively of Public Acts 1963, No. 226. The only change made by the 1963 statute in § 13-3 was to substitute the words "any proposed highway" for the words "any street or highway." This changed language is obviously more accurate in view of the fact that the term "highway" means a public way. *Stavola* v. *Palmer,* 136 Conn. 670, 683, 73 A.2d 831. There was no change made by the 1963 statute in § 13-25 which is pertinent to the present case. We will consider the case from the standpoint of the statutes which were applicable when the action complained of was taken.

By asserting that the town could not legally accept these streets because they had not been approved pursuant to § 13-25, the selectmen adopt an incongruous position. They seemingly overlook the portion of § 13-25 which requires the first selectman immediately to close any street or highway laid out in violation of that section and to keep it closed until

statutes or special act, which commission has adopted subdivision regulations, such approval shall be obtained from such planning commission, nor until such approval has been filed in the office of the clerk of such town . . . . No such clerk shall receive or place on file any map of any such new street or streets, highway or highways, or any map of land showing such new highways or streets, until he has received a certificate, signed by a majority of the selectmen of the town or of the planning commission, . . . that such new layout has been approved by such selectmen . . . or planning commission as herein provided. (c) If any street or highway has been laid out in violation of the provisions of this section, such street or highway shall be immediately closed by the first selectman of the town . . . and shall be kept closed until such time as the grade, layout, location, width and improvement of such street or highway have received the approval herein provided for. The first selectman of a town, . . . who fails to comply with the requirements of this section concerning the closing of such new streets or highways as have not been approved as herein provided shall be fined not more than twenty-five dollars."

it meets the approval of the selectmen, on penalty of a fine for failure to do so. But that aside, when we turn to other provisions of § 13-25, it is apparent, first of all, that the statute specifically exempts municipal corporations from the prohibition against laying out a street less than fifty feet in width without the selectmen's approval. Second, the statute establishes no absolute requirement concerning the width of streets laid out by private agencies other than that a street less than fifty feet wide must have the approval of the selectmen. In other words, the statute leaves the width of a street laid out by a town to the discretion of the town and leaves the width of a street laid out by a private agency to the approval of the selectmen. Under the common law, a street may be dedicated to public use with no particular formality. *Whippoorwill Crest Co.* v. *Stratford,* 145 Conn. 268, 271, 141 A.2d 241. A street may be opened and used without prior official approval, and that use may, under proper circumstances, result in a common-law acceptance of the street if it is not interfered with under the authority conferred by § 13-25. *Kenneson* v. *Bridgeport,* 130 Conn. 298, 302, 33 A.2d 313; *Paulsen* v. *Wilton,* 78 Conn. 58, 64, 61 A. 61. We said in *Stratford* v. *Fidelity & Casualty Co.,* 106 Conn. 34, 38, 137 A. 13, that the purpose of the predecessor of § 13-25 was "undoubtedly to meet the difficulty inherent in the doctrine of the dedication of highways, which permits acceptance by the general public, and which makes it possible, where an individual or private corporation has laid out a street, that it shall become a highway through use by the public, no matter how narrow or tortuous it may be, and no matter whether or not it has been in any way improved." We said further in the same case (p. 39) that "[t]he statute

[now § 13-25] has to do with the layout and improvement of roads or streets by individuals or private corporations, and the approval of the selectmen is an approval of the layout and opening of private ways and not of public highways; it looks to the possibility of their becoming public highways, but does not constitute an acceptance of them as such."

The approval of a proposed street by the selectmen and its acceptance as a public street by the town are entirely separate and distinct proceedings. Section 13-25 governs the selectmen's approval of the layout of ways by private persons. Section 13-3 concerns the town's entirely distinct function of formally accepting ways as public streets. The two sections consistently place no arbitrary minimum limit on the width of either a private or a public street. Sections 13-3 and 13-25 are not interdependent or in conflict in the treatment of their differing objectives. Section 13-25 vests in the first selectman the necessary authority to close a way laid out by a private person which the board of selectmen refuses to approve. Under § 13-3 the vote of the town in a legal town meeting determines what street it will accept as a public highway. There is nothing in the language of § 13-3 which suggests any limitation on the authority of a town meeting to accept any street as a public highway. On the contrary, the language is expressly that the town may "accept as a public highway any street or highway situated in such municipality."

The court was correct in rendering judgment in the nature of mandamus ordering the selectmen to call a special town meeting pursuant to the application made to them. *Cummings* v. *Looney,* 89 Conn. 557, 562, 95 A. 19. The judgment, however, fixed a date for compliance which has now passed.

There is no error; the case must be remanded with direction to modify the judgment by fixing a new date for compliance.

In this opinion the other judges concurred.