RICHARD C. THOMPSON ET AL. *v.* TOWN OF PORTLAND

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 13, 1969—decided February 3, 1970

*Joel M. Ellis,* with whom, on the brief, was *Robert I. Ellis,* for the appellants (plaintiffs).

*John W. Lemega,* with whom was *Joseph G. Lynch,* for the appellee (defendant).

RYAN, J. In their complaint seeking relief pursuant to the General Statutes (Rev. to 1966) § 13a-103, the plaintiffs alleged that Hyde Road, Dunham Road and Farrell Road are public highways in the town of Portland; that the defendant town has neglected to keep these highways in good and sufficient repair; and that in consequence thereof such highways have become dangerous and impassable. The basic question for determination by the trial court was whether the three roads mentioned in the complaint were public highways. The trial court found the issues for the defendant and rendered judgment accordingly, and the plaintiffs have appealed to this court.

The plaintiffs assign error in the finding of the trial court. The claim that certain facts were found without evidence is not well taken. The plaintiffs also urge that certain facts should be added to the finding. As to these assignments of error it need only be said that it is not necessary to change the finding when the corrections sought would neither assist the plaintiffs nor change the result in any way. *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 611, 236 A.2d 466; *Taylor* v. *Taylor*, 154 Conn. 340, 341, 225 A.2d 196.

The trial court found the following facts: All of the plaintiffs are citizens of this state. On November 23, 1955, Robert F. Bailey was the owner of a tract of land containing about 22.24 acres located in the town of Portland. This land was bounded southerly on Lake Road, a public highway in the town, and easterly generally on Great Hill Lake. In October, 1955, the planning and zoning commission of the town adopted subdivision regulations pursuant to § 858 of the 1949 Revision (now General Statutes [Rev. to 1966] § 8-25). These regulations required, among other things, that all streets shown on a sub-

division map must conform to certain specifications as to width, grade and improvement. On November 23, 1955, the town clerk of Portland received for record and recorded a map entitled "Great Hill Acres," a land subdivision of Robert F. Bailey, Penfield Hill Road and Lake Road, Portland, Connecticut. This map shows three purported highways, each fifty feet wide and called Hyde Road, Dunham Road and Farrell Road, respectively. The map was approved by the planning and zoning commission on November 26, 1955. Bailey conveyed parcels of this land by deed, and, except for one deed on Lake Road, all the deeds described the land conveyed by reference to lot number on the map, and several of these deeds expressly conveyed rights of way "over the rights of way shown on said map." Adjoining the three roads in question there are building lots owned by the plaintiffs. Dwellings for summer and winter habitation have been built on them and occupied by the plaintiffs. Building permits were issued by the town for the erection of these dwellings. The three roads are the only means of access to the houses in the subdivision, and each of these roads connects with Lake Road, which is a town-accepted public highway. The roads are all but impassable in winter and spring and are in need of repair. There are no houses on Hyde Road except one on the corner facing the lake. There are six houses on Dunham Road which were built prior to 1957, and there are twelve to fourteen houses on Farrell Road which were built shortly after 1956. Since 1956, milkmen, butchers, grocerymen, gasmen, oilmen and refusemen who service the houses located on this tract of land have used these roads. They have also been used by the people dwelling in the houses on these roads and by visitors going to and from the houses.

There is no mail delivery to the houses located on any of these roads. The residents are required to pick up their mail on Lake Road. There are poles for electrical and telephone service on Farrell and Dunham Roads to provide service to the houses built on those roads. People occupy houses in this tract either on a year-round basis or for the summer months only. In the winter of 1965 and 1966, the town of Portland plowed the snow on Farrell Road. This was done at the request of some of the abutting property owners. At the request of the abutting property owners, the town has furnished a few loads of gravel, which was spread out on these roads by the property owners themselves. The town has never assumed the responsibility for constructing or maintaining these roads. In 1963, Bailey complained to the Portland chief of police, alleging that Joseph T. Vercelli, one of the plaintiffs, committed a trespass by excavating earth from one of the roads. The court also found that the filing of the map by Bailey showed a manifest intent on his part to dedicate the roads thereon for public use as highways.

On these facts the court concluded that Farrell, Dunham and Hyde Roads are not public highways which the town of Portland is obligated to maintain and repair; that the requirements of General Statutes (Rev. to 1966) §§ 8-25 and 13a-71 have never been met; that the failure to comply with these statutes makes the attempted dedication of these roads as public highways ineffective; that the town clerk, by receiving and recording the map, and the planning and zoning commission, by approving it, could not thereby waive the requirements of the statutes and the planning and zoning regulations. The court also concluded that the obvious intent of the statutes herein referred to is to prevent a land-

owner from filing a map and designating highways thereon and, without improving those highways in a manner acceptable to the proper town authority, to impose upon the town the obligation of constructing and maintaining them.

The plaintiffs claim that the roads in question are public highways by common-law dedication; that public highways may be established by a common-law dedication without prior official approval or compliance with any statute or ordinance; and that the defendant town is under a legal duty to repair the roads. In their claims of law and in their brief, the plaintiffs make no claim of compliance with the requirements of the pertinent statutes and of the subdivision regulations of the planning and zoning commission. In view of the plaintiffs' claims of error, we must first examine the basic conclusion of the trial court that the failure to comply with the requirements of what are now General Statutes (Rev. to 1966) §§ 13a-71 and 8-25 and of the regulations of the planning and zoning commission made any attempted common-law dedication ineffective.

The layout of a street or highway by a private person, company or corporation and the regulation of its width unless determined otherwise by authority have been a part of our statute law since 1899. Public Acts 1899, c. 205 § 2; *Windsor* v. *Whitney,* 95 Conn. 357, 365, 111 A. 354. Since that time our statutes have provided that no street or highway laid out by any private person, company or corporation shall be opened to the public (1) until the grade, width and improvements of such street or highway shall have the written approval of the selectmen of the town or, in case the location is within the limits of a city or borough, the approval of the common council of the city or the warden and burgesses of

the borough or (2) until such approval has been filed in the office of the clerk of the town, city or borough, as the case may be. Public Acts 1899, c. 205 § 2. The statute was amended by chapter 254 of the Public Acts of 1905 by the addition of provisions that the clerk of a town, city or borough was prohibited from filing a map of such streets or highways until the receipt of a certificate bearing the appropriate municipal approval and that a street or highway laid out in violation of the provisions of the statute was to be immediately closed by the first selectman of a town, the mayor of a city or the warden of a borough, as the case might be. It further provided for the imposition of a $25 fine on the selectman of a town or the officer in charge of the streets or highways in the city or borough who failed to close such streets as had not been approved in accordance with the statute. Various minor changes were made in the statute, but no major change occurred until 1959, when the statute was amended to require the approval of the planning commission where one existed in such town, city or borough and where the commission had adopted subdivision regulations. Public Acts 1959, No. 329. The present statute (General Statutes [Rev. to 1966] § 13a-71) is substantially the same as the 1959 act.

In *Stratford* v. *Fidelity & Casualty Co.,* 106 Conn. 34, 39, 137 A. 13, decided in 1927, we said of the statute (then Rev. 1918, § 1436): "The statute has to do with the layout and improvement of roads or streets by individuals or private corporations, and the approval of the selectmen is an approval of the layout and opening of private ways and not of public highways; it looks to the possibility of their becoming public highways, *but does not constitute an acceptance of them as such.*" (Emphasis added.) See

*Reed* v. *Risley,* 151 Conn. 372, 376, 198 A.2d 55. Immediately following this decision, the legislature enacted chapter 248 of the Public Acts of 1927. Section 1 of that act (now General Statutes [Rev. to 1966] § 13a-48) gave specific authority to a municipality at any annual or special meeting held for that purpose to accept as a public highway any street or highway situated in the municipality. Section 2 validated the action of any municipality theretofore taken in accepting any highway as a public highway. "Where the legislature establishes the conditions necessary for a dedication of land for public purposes, the statutory provisions are controlling. *Chattaway* v. *New London,* . . . [133 Conn. 377, 385, 51 A.2d 917]." *DiCioccio* v. *Wethersfield,* 146 Conn. 474, 480, 152 A.2d 308. The rule supported by the better reason is that, even in a case of a statutory dedication, an acceptance should be necessary in order to make the municipality liable to maintain streets and for injuries and defects therein. *Chattaway* v. *New London,* supra; 11 McQuillin, Municipal Corporations (3d Ed. Rev.) § 33.44. Where a municipal board is given authority to accept land for a highway, we have said: "The creation of a highway affects too many rights . . . and imposes upon the town too heavy a responsibility . . . to permit it to be done . . . without formal action, duly recorded." *Stratford* v. *Fidelity & Casualty Co.,* supra, 37; see *Chattaway* v. *New London,* supra.

In November, 1955, when the town clerk of Portland received for record and recorded the map of Bailey's land subdivision which was approved three days later by the planning and zoning commission, the pertinent statutes then in effect were §§ 2141 and 858 of the Revision of 1949 (now §§ 13a-71 and 8-25 of the General Statutes [Rev. to 1966] respectively).

Under the provisions of § 2141 the town clerk was not authorized or empowered to receive or file this map without a certificate signed by a majority of the selectmen of the town. The statute also provided that no street or highway shall be opened to the public until the grade, layout, location, width and improvements of such highway shall have the written approval of the selectmen of the town. Neither of these requirements was met. Although § 858 of the 1949 Revision authorized municipal planning commissions to make regulations concerning the grading and improvements of streets within the subdivision, it was not until 1959 that a planning commission which had adopted subdivision regulations was empowered to approve the layout and the opening to the public of new roads under the provisions of the statute. Public Acts 1959, No. 329. The planning and zoning commission of Portland had adopted subdivision regulations in 1955, and the requirements relating to new highways and subdivisions were specific and detailed. The plaintiffs failed to establish that these requirements were ever met or that the streets in question were ever accepted by the town.

This is a case of an attempted statutory dedication in which there was no compliance with statutory requirements as to approval of the layout of the streets or their opening to the public. Nor was there any showing of any effort to meet the requirements as to grade and improvements as set forth in the subdivision regulations. To charge the defendant town with the obligation of paving and maintaining these proposed highways would defeat the purpose and intent of the statute.

Section 13a-48 permits any municipality at any annual or special meeting held for that purpose to

accept as a public highway any proposed highway situated in such municipality. "The approval of a proposed street by the selectmen and its acceptance as a public street by the town are entirely separate and distinct proceedings. Section 13-25 [now § 13a-71] governs the selectmen's approval of the layout of ways by private persons. Section 13-3 [now § 13a-48] concerns the town's entirely distinct function of formally accepting ways as public streets." *Reed* v. *Risley,* 151 Conn. 372, 377, 198 A.2d 55. There is no limitation on the authority of a town meeting to accept any street as a public highway irrespective of whether it has received prior approval of the selectmen. *Reed* v. *Risley,* supra. The obvious purpose of this statute is to give to municipalities the authority to accept any proposed street as a public highway where the best interests of the town and the equities of the situation require it. The obvious intent of §§ 13a-71 and 8-25 and their predecessors is to prevent a landowner from filing a map designating proposed highways thereon and, without improving such highways in a manner acceptable to the proper municipal authority, to impose upon the municipality the obligation of constructing and maintaining them. It is not permissible to circumvent the mandate of the statutes by a claim of common-law dedication. In the instant case the failure to comply with these statutes nullifies any attempted dedication of such roads as public highways.

The conclusions of the trial court are correct and cannot be disturbed.

There is no error.

In this opinion the other judges concurred.