RICHARD A. HAMANN ET AL. *v.*
TOWN OF NEWTOWN ET AL.
(5878)

DUPONT, C. J., BORDEN and FOTI, Js.

Argued March 1—decision released May 31, 1988

*Mark V. Oppenheimer,* for the appellants (plaintiffs).

*Jeffrey C. Pingpank,* with whom, on the brief, was *Louis B. Blumenfeld,* for the appellees (defendants).

DUPONT, C. J. The plaintiffs appeal from the dismissal by the trial court of their appeal from a decision of the defendant board of selectmen of the town of Newtown (board).[1] We find no error.

The plaintiffs are the owners of a sixteen acre parcel of land in Newtown which is crossed by a road known as Kale Davis. Pursuant to General Statutes § 13a-39,[2] the plaintiffs applied to the board for a deter-

---

[1] The town of Newtown and individual members of the board are also defendants in this action.

[2] General Statutes § 13a-39 provides in pertinent part: "Whenever the boundaries of any highway have been lost or become uncertain, the selectmen of any town in which such highway is located, upon the written application of any of the proprietors of land adjoining such highway, may cause to be made a map of such highway, showing the fences and bounds as actually existing, and the bounds as claimed by adjoining proprietors, and shall also cause to be placed on such map such lines as in their judgment coincide with the lines of the highway as originally laid down. . . . Such decision shall specifically define the line of such highway and the bounds thereof and shall be recorded in the records of the town in which such highway is located, and the lines and bounds so defined and established shall be the bounds of such highway unless changed by the superior court upon appeal from such decision of the selectmen."

mination of the boundaries of Kale Davis road, which boundaries the plaintiffs alleged had become lost or uncertain. Following a hearing, the board issued a resolution which established the boundaries to be as depicted on a certain survey map, and which concluded that the portion of Kale Davis road which crosses the plaintiffs' property is a private road rather than a town highway.

The plaintiffs, in their appeal to the Superior Court, claimed that they were aggrieved[3] because the board's decision unlawfully deprived them of the care and maintenance by the town of the road and of their right to divide their property. They sought a declaration that the road, as depicted on the survey map referred to in the board's resolution, is a public road.

The trial court concluded that the plaintiffs were not aggrieved by the failure of the board to find that the road is a public road because General Statutes § 13a-39 did not empower the board to establish the legal status of the road. The court reasoned that the statute only empowered the board to determine the location of the boundaries of the road and since the board found the boundaries to be those which were not disputed by the plaintiffs, there could be no aggrievement. The court also found, in the alternative, that even if the board had the statutory authority under § 13a-39 to determine whether the road was public or private, the

[3] General Statutes § 13a-40 provides in pertinent part: "Any person aggrieved by such decision may appeal to the superior court for the judicial district where such highway is situated within ten days after notice of such decision has been given, which appeal shall be in writing, containing a brief statement of the facts and reasons of appeal and a citation to such selectmen and all adjoining proprietors on such highway to appear before said court, and said court, or any judge thereof, may direct the time of appearance and the manner of service. Said court may review the doings of such selectmen, examine the questions in issue by itself or by a committee, confirm, change or set aside the doings of such selectmen, and make such orders in the premises, including orders as to costs, as it finds to be equitable."

evidence supported the board's conclusion that the road is a private one.

The issue dispositive of this appeal is whether the board is empowered under General Statutes § 13a-39 to determine the legal status of a road. We agree with the trial court's conclusion that the board is not authorized by § 13a-39 to make such a determination.

General Statutes § 13a-39 sets forth a procedure for defining the boundaries of a highway[4] which have become lost or uncertain. *Appeal of St. John's Church,* 83 Conn. 101, 106, 75 A. 88 (1910). After hearing all parties interested, the town selectmen are required to reach a decision defining the lines and bounds of the highway. See *Hartford Trust Co.* v. *West Hartford,* 84 Conn. 646, 81 A. 244 (1911). "A statutory proceeding for the survey and platting of an existing road does not operate to establish the road. Its purpose is merely to ascertain the courses and distances of one claimed already to be established. It estops the public from claiming that the road runs on a line different from that of the survey." 39 Am. Jur. 2d, Highways, Streets and Bridges § 55. Recourse to § 13a-39 presupposes a prior determination that the road in question has been deemed a public highway. See id. The board is without authority under that section to determine the legal status of a road.

The determination of the legal status of a road is distinct from a determination of the boundaries of a road. The purpose of § 13a-39 is to settle the uncertain width of a highway for the benefit of adjoining property owners. See *Appeal of St. John's Church,* supra, 105.

General Statutes § 13a-48 provides for the formal acceptance of a highway by a municipality.[5] A road may

---

[4] General Statutes § 13a-1 defines "highway" as "includ[ing] streets and roads."

[5] General Statutes § 13a-48 provides: "Any municipality whose duty it is to maintain the highways within its limits may, except as otherwise pro-

also be expressly dedicated to a public use; *A & H Corporation* v. *Bridgeport,* 180 Conn. 435, 439, 430 A.2d 25 (1980); or impliedly dedicated and accepted by the general public. Id. A public road may also be formally discontinued; General Statutes § 13a-49; or deemed abandoned due to nonuse by the public. *Doolittle* v. *Preston,* 5 Conn. App. 448, 451, 499 A.2d 1164 (1985). We find no basis, and the plaintiffs have presented no authority, however, for support of the proposition that the board is empowered to make a determination as to the status of a road coincident to its authority to determine the boundaries of a road that have become lost or uncertain. The acceptance of municipal highways under General Statutes § 13a-48 is an exercise of legislative power, vested in this case in the Newtown legislative council and town meeting, and such power may not be delegated to the town selectmen. *Brookfield* v. *Greenridge, Inc.,* 177 Conn. 527, 533, 418 A.2d 907 (1979); see also *Thompson* v. *Portland,* 159 Conn. 107, 115, 266 A.2d 893 (1970).

The trial court properly dismissed the plaintiffs' appeal for lack of aggrievement. The tests for determining "aggrievement" for purposes of an appeal from a decision of an administrative agency are whether a specific, personal, and legal interest in the subject matter of a decision has been demonstrated and whether it has been established that a personal and legal interest has been specially and adversely affected by the decision. *Zoning Board of Appeals* v. *Freedom of Information Commission,* 198 Conn. 498, 502, 503 A.2d 1161 (1986); *Goldfeld* v. *Planning & Zoning Commission,* 3 Conn. App. 172, 175, 486 A.2d 646 (1985). The plaintiffs have demonstrated the former but have not established the latter. The allegations contained in the

vided in its charter, at any annual or special meeting held for that purpose, accept as a public highway any proposed highway situated in such municipality."

plaintiffs' complaint, as well as our review of the proceedings before the board and the trial court, indicate that the plaintiffs do not dispute the board's determination of the boundaries of Kale Davis road, but only take issue with the board's determination of the legal status of the road. The board lacked the authority to make the latter determination and the plaintiffs were not adversely affected by the decision of the board as to the boundaries of the road since they agree that the boundaries as found by the board are accurate. The plaintiffs were not aggrieved by the decision of the board.

There is no error.

In this opinion the other judges concurred.