[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT HOSPITAL'S MOTION FOR SUMMARY JUDGMENT
This is a motion for summary judgment filed by the defendant Hartford Hospital. The plaintiff claims to have being injured when she fell on a sidewalk in front of property owned by the defendant hospital. The sidewalk was being repaired or otherwise being worked on by a construction company through a contract with or with the permission of the City of Hartford and on behalf of a cable television company. The plaintiff alleges she fell "due to the defective condition of repair and stone and gravel left" on the sidewalk.
The defendant claims there is no issue of material fact and that it is entitled to judgment as a matter of law. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578 (1990).
The defendant has submitted an affidavit from its property manager and admissions from the cablevision company and construction company that they did not contract with the defendant to do the work on this sidewalk nor did they seek the permission or authority of the defendant to do the work. They also admitted they weren't acting as the defendant's agents nor did they request the hospital provide any supervision over the work site. The construction company sought a permit to work on the site from the City of Hartford, a copy of which was attached to the defendant's brief as an exhibit. The plaintiff has submitted no counter-affidavits or exhibits to contest these claims.
The plaintiff maintains that the defendant can be held liable here whether it is the actual owner of the sidewalk or the owner of property actually abutting the sidewalk. CT Page 3896
1.
To address the last claim first, there is language in Wilson v. New Haven, 213 Conn. 277, 280 (1989) to the following effect.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of property in a reasonably safe condition for travel." (Emphasis added).
Section 31-35 of the Hartford Municipal Code in fact does require "the owner or occupant of any premises fronting upon any street in the city to keep his [sic] sidewalk, gutter or curb in good repair." Thus, argues the plaintiff, the defendant as an abutting owner, if it was such, was legally responsible for the condition of the sidewalk in front of the building. It had a "legal duty to exercise at least limited inspection and supervision" and the extent of such activity by the defendant can't be determined "from the limited facts" now before the court on this motion for summary judgment.
But as pointed out in Jankowski v. Bridgeport,34 Conn. Sup. 1, 4 (1979) the state places on the city the responsibility of keeping its public sidewalks or highways in a safe condition and it can't impose this duty on an abutting owner by an ordinance, Stevens v. Neligon,116 Conn. 307, 309 (1933). Even where the property owner fails to comply with the provisions of such an ordinance to keep the sidewalk in a safe condition that alone is not sufficient to make the owner liable for injuries sustained by his or her failure to perform that duty. The abutting property owner's duty under such an ordinance . . . "is one owed to the city . . . the ordinance cannot cast upon the property owner liability to a traveler upon the highway for failure to perform that duty. The defendant [owner] therefore cannot be held responsible on the ground of negligence arising from his [sic] failure to perform a duty owed to the plaintiff [traveler]." 116 Conn. at page 312.
As noted in Wilson v. New Haven, 123 Conn. 446, 453-454 (1937).
 "The distinction between cases where dangerous conditions have been created by individuals CT Page 3897 and in which they are held liable for the consequences under their common law obligations as creators of a nuisance and those relating to the consequences following neglect of a duty imposed by statute or ordinance to maintain, repair, or clear sidewalks, is manifest and radical . . . Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." (Emphasis added).
The Hartford ordinances contain no such explicit provision so that liability cannot be imposed on the abutting owner and no genuine issue of material fact has been raised as to this issue. There is also no claim here that the defendant created the condition leading to the fall or that the defendant, assuming it was not the owner asserted or maintained control over this sidewalk. Corvo v. Waterbury, 141 Conn. 719, 725 (1954).
2.
But the plaintiff also seems to argue that the defendant maybe held liable to the plaintiff because it is in fact the owner of this sidewalk and not merely an abutting owner. It is true as the plaintiff points out that in our state property owners "are presumed to own the fee of the land to the center of the highway", Luf v. Southbury, 185 Conn. 336, 341 (1982), Allen v. Mussen,129 Conn. 151, 155 (1942), "no evidence having been offered to the contrary." id at page 155.
The evidence to the contrary submitted by the defendant is an affidavit from its property manager, its deed and city maps of the property. There's much to be said for the plaintiff's position on this issue although she submitted no exhibits or affidavits on the question. The deed and maps are somewhat indecipherable and the property manager would not seem to have the qualifications or information to decide the question of who in fact owns the sidewalk.
However, in response to a request for admission as to CT Page 3898 ownership the city did admit that "it possesses a public right of way between the street lines on Retreat Avenue. This public right of way would include the public sidewalk in front of 219 Retreat Avenue." This is the location of the fall.
If in fact there is a presumption that the property owner owns the land to the center of the highway and if in fact a municipality under Section 13a-79 of the general statutes can only be liable if it is the sole proximate cause of any injury to a traveler on the public highway, the mere fact of the private citizen's ownership of the land on which the highway runs cannot form the basis of a finding of liability based merely on that ownership. Any other result would to a large extent nullify the ameliorative intentions of Section 13a-99 and allow towns who are responsible for maintaining the safety of highways to shift that responsibility to property owners. In fact in Paulsen v. Wilton, 78 Conn. 58, 62 (1905) it was held that the mere fact that an adjoining property owner held the full legal title to that area of the highway where a plaintiff was injured doesn't relieve the town from liability for its neglect to repair. A necessary corollary of this would be that the property owner is exposed to no legal responsibility for the injury despite the fact or because of the mere fact that it owns the land on which the accident occurred. A State statute dating back to 1672 dictates that it is the character of the area as a highway not its ownership which determines liability and the private property owner cannot be liable to the traveler unless it created the condition causing the injury, or activities on its land that was not part of the highway caused or contributed to that condition.
Based on these principles the affidavits and exhibits submitted by the defendant establish there is no issue of material fact; the plaintiff has not presented any affidavits or exhibits which would present facts presenting a claim against the defendant property owner on either of the theories just mentioned.
The defendant hospital's motion for summary judgment is granted.
Corradino, J. CT Page 3899