CHICAGO—FIRST DISTRICT—NOVEMBER, 1917.   181

American C. & T. Co. v. New Era C. Co. et al., 208 Ill. App. 181.

## American Credit & Trust Company, Appellee, v. New Era Chandelier Company and Chicago Bonding & Surety Company. Chicago Bonding & Surety Company, Appellant.

### Gen. No. 23,323.

1. BANKS AND BANKING, § 3*—*when corporation cannot engage in business of banking or lending money.* A corporation organized under the General Incorporation Act of the State cannot engage in the business of banking or lending money.

2. INDEMNITY—*when nature of contract attached to bond of is question for court.* Whether a contract attached to an indemnity bond is one of sale of accounts or a loan of money by a corporation is a question of law for the court which cannot be overcome by a misrecital in the bond of the legal import and effect of the contract.

3. CONTRACTS, § 127*—*when contract void because of illegality of part of entire consideration.* It is the general rule of law that any part of an entire consideration for a promise or any part of an entire promise being illegal, whether by statute or common law, the whole contract is void.

4. INDEMNITY, § 5*—*when bond is void.* Where a contract for the loaning of money by a corporation attached to an indemnity bond and referred to by the terms of the bond is illegal because beyond the powers of the corporation, the bond is likewise void.

5. ESTOPPEL, § 65*—*when surety on bond is not estopped by recitals in bond.* The surety on a bond of indemnity is not estopped by recitals in the bond that a contract, a copy of which is attached thereto, is for the sale of accounts receivable by the principal to the obligee.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1917. Reversed with judgment of *nil capiat.* Opinion filed November 5, 1917. *Certiorari* denied by Supreme Court (making opinion final).

SABATH, STAFFORD & SABATH, for appellant; CHARLES B. STAFFORD and THOMAS M. ZASADIL, JR., of counsel.

FRANK SCHOENFELD and DAVID K. TONE, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

182    APPELLATE COURTS OF ILLINOIS.

American C. & T. Co. v. New Era C. Co. et al., 208 Ill. App. 181.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action upon an indemnity bond in which, on a trial before the court, there was a finding and judgment for $1,075 in favor of plaintiff and against the defendants, the principal and surety, and the Surety Company brings the record here by appeal for review.

The conclusion at which we have arrived in this case involves subdivision 9 of the affidavit of defense, to the exclusion of all other defenses and questions, which subdivision is as follows:

"That the agreement between the New Era Chandelier Company and plaintiff, upon which the bond in question and this suit are based, amounts to the pledging of certain accounts receivable to secure the repayment of money advanced, and is, therefore, a mere money loaning agreement and not an agreement for the sale of the accounts, and being such an agreement, the same is not only *ultra vires* the plaintiff corporation, but is illegal in that the plaintiff as a corporation, organized under the general incorporation act of Illinois, is not permitted by its charter to loan money."

This agreement is referred to by the express terms of the bond and a copy thereof attached to the bond. The agreement was offered and received in evidence upon the trial and the trial judge was requested to hold, among other things, the following as a proposition of law, viz.:

"The court finds that as between the American Credit and Trust Company and the New Era Chandelier Company the contract introduced in evidence and in question in this case, while on its face purporting to be a contract for the purchase and sale of accounts, was in fact a contract for the lending of money by the American Credit and Trust Company to the New Era Chandelier Company in which the accounts to be collected were assigned by the New Era Chandelier Company to the American Credit and Trust Company

as collateral security for the loans made by the American Credit and Trust Company to the New Era Chandelier Company.''

This the court—erroneously, we think—refused to do on the claimed legal theory that the Surety Company was estopped from denying the recital of the bond that the transaction was a sale of accounts, and from raising the question as to whether or not the contract was a sale of accounts or a loan of money. The American Credit & Trust Company is a corporation organized under the General Corporation Act of this State, and therefore could not engage in the business of banking or lending money. If the agreement is admissible in evidence as a condition of the indemnity bond, then the agreement was void as being *ultra vires* of the powers of the Trust Company, and the bond, being tainted with such illegality, would likewise be void and unenforceable.

This case is in every material particular analogous to *Mercantile Trust Co. of Illinois v. Kastor,* 273 Ill. 332, and *Dorothy v. Commonwealth Commercial Co.,* 278 Ill. 629. In deciding the *Dorothy* case, *supra,* the court held that the facts were similar to those involved in the *Kastor* case, *supra.* We think the *Kastor* and *Dorothy* cases, *supra,* are decisive of the questions here involved; that the transaction was one of a loan of money and not a sale of accounts, unless as matter of law it can be held that the agreement was not admissible in evidence as not being a part of the indemnity bond; and that the Surety Company was estopped, as the trial judge held, by the recitation in the bond that the agreement was for the ''sale of accounts,'' from otherwise contending.

In view of these two decisions we shall rest content in disposing of this phase of the case without further amplification, but will proceed to determine the questions raised of estoppel and the admissibility of the contract in evidence as a part of the indemnity bond in suit.

184     APPELLATE COURTS OF ILLINOIS.

American C. & T. Co. v. New Era C. Co. et al., 208 Ill. App. 181.

The bond bears this recital: "Whereas, the principal and the obligee have entered into a certain contract, hereinafter called the contract, which is dated January 15, 1914, and a copy of which is attached hereto, for the sale of accounts receivable by the principal to the obligee." If the copy of the contract had not been attached to the bond, the recitation that the transaction was a sale of accounts would be binding upon the obligors, which they would be estopped from refuting; but the contract being before the court as an integral part of the bond, its legal effect must be determined by the court, and that determination must not be influenced by the erroneous designation of the legal import of the contract by a false recitation of the bond.

Whether the contract was one of sale of the accounts or a loan of money is a question of law for the court, which cannot be overcome by a misrecitation in the bond of the legal import and effect of the contract. The contract being void, every obligation springing from it becomes tainted with the virus of its illegality and is thereby rendered void. The indemnity bond purports to indemnify against the sale of accounts, the particulars of which purport to be set forth in the contract attached to the bond. When that contract discloses by legal interpretation that it is not a sale of accounts, but an advance of money *ultra vires* the charter powers of the principal obligor, then such bond falls in the same way as does the contract. In other words, neither the bond nor the contract is enforceable at law. It is the general rule of law that any part of an entire consideration for a promise or any part of an entire promise being illegal, whether by statute or common law, the whole contract is void. 1 Parsons on Contracts 456. In *Barton & Woodworth v. Port Jackson & U. F. Plank Road Co.*, 17 Barb. (N. Y.) 397, the court lays down the rule that every "new agreement entered into for the purpose of carry-

ing into effect any of the unexecuted provisions of a previous illegal contract is void." In *Armstrong v. Toler*, 11 Wheat. (U. S.) 258, it is held that where a contract grows immediately out of, and is connected with, an illegal or immoral act, a court of justice will not lend its aid to enforce it; and if the contract be in part only connected with the illegal consideration, and growing immediately out of it, though it be in fact a new contract, it is equally tainted by it.

The bond in suit grows out of and is embraced in the contract between the New Era Chandelier Company and the American Credit & Trust Company, which contract is void under the *Kastor* and *Dorothy* cases, *supra;* and the contract and bond are therefore subject to the infirmities indicated and are consequently void. The contract and bond in suit are one and indivisible, and the infirmity in the contract attaching to the obligations of the bond nullifies it.

In the circumstances of this case the doctrine of estoppel is not invokable by plaintiff as against either the Surety Company or the principal obligor in the bond. *Durkee v. People*, 155 Ill. 354.

The bond in suit is not a contract of insurance but one of indemnity; but, were it otherwise, the contract embraced in the bond, being *ultra vires* and void, does not avoid the rule of law as herein announced, that such illegality extends to the bond and vitiates it.

There is no right of recovery under either the contract or the bond, and as the bond in suit embraces the contract and indemnifies the obligee from loss thereunder, such undertaking is not enforceable.

For the reasons indicated, the judgment of the Municipal Court is reversed and a judgment of *nil capiat* entered in this court.

*Reversed with judgment of nil capiat.*