THE TOWN OF STRATFORD vs. THE FIDELITY AND CASUALTY COMPANY.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, JS.

The acceptance of a private street as a public highway by the general public, without which an attempted dedication by the owner is ineffectual, is a fact to be found by the trial court.

The street in the present case was open only at one end, and the sole witness as to public user testified that the traffic was such as went to serve the residents in the dozen or so dwellings which were built upon it. *Held* that the trial court was not required to find the fact of acceptance as the only reasonable conclusion from this evidence.

The establishment of highways imposes upon a town such heavy responsibilities and affects so many rights, both private and public, that where a board of selectmen is invested by special charter provision with general and sweeping power in connection therewith, it cannot be validly exercised without formal and duly recorded action. A mere written agreement in the present case between the first selectman and the owner of a real estate development, that the latter would lay out a street according to certain plans and specifications, accompanied by a bond to ensure its performance, fell far short of the requisite procedure, even though the agreement and bond were preserved among the valuable papers of the town, a map of the street was filed with the town clerk, and the street itself actually opened for use by the owners of the lots abutting upon it.

Section 1436 of the General Statutes provides that no individual or private corporation shall lay out any street or highway in a

town less than three rods in width unless with the written consent of the majority of the selectmen and that no such street or highway shall be opened to public use unless the selectmen have approved its grade, layout, location, width and improvement. *Held* that this statute was designed merely to forestall the establishment of narrow, tortuous and unimproved private streets which might by future public use, become public highways through operation of the doctrine of dedication; and that no action taken by selectmen under it could have the present effect of an acceptance of a private street as a public highway.

The agreement in the present case was not authorized by the terms of § 1436 and was, therefore, invalid and the bond unenforceable.

A contract which is void because it conflicts with a statute cannot be rendered obligatory through the doctrine of estoppel.

A plaintiff against whom a judgment has been rendered is not entitled as a matter of course to a new trial merely because he should have been given nominal damages, and certainly not when substantial justice has been done.

Argued January 18th—decided April 11th, 1927.

ACTION upon a bond given by the defendant to ensure the performance by a third party of a contract with the plaintiff, brought to the Superior Court in Fairfield County and tried to the court, *Ells, J.;* judgment for the defendant, and appeal by the plaintiff. *No error.*

*Raymond E. Baldwin,* with whom was *Clifton F. Weidlich,* for the appellant (plaintiff).

*Dennis W. Coleman* and *Hector P. Auray,* for the appellee (defendant).

MALTBIE, J. The plaintiff brings this action to recover upon a certain bond in which it is named as obligee and which purports to be executed by the Bridgeport-Pacific Land Company as principal and by the defendant as surety. This bond is dated May 28th, 1917, and recites that the principal had agreed with the plaintiff that it would, on or before May

28th, 1918, at its own expense and without cost to the town, put certain streets and highways situated in the town, described in the agreement and in a map attached to it, into a condition satisfactory to the selectmen of the town as to grade, layout, location, width and improvement; and the condition of the bond was that the Land Company would perform its obligations under this agreement.

The bond was the outgrowth of a certain land development in the plaintiff town, a tract having been plotted into building lots, with the necessary streets to afford access to them. Learning of this, one Lally, then first selectman of the town, objected to the sale of any of the lots until the streets had been built. As a result a writing was drawn up covering the construction of a certain street in the tract, known as Rockland Avenue, the owner of the tract promising that, for a distance of twelve hundred feet, the street would be constructed thirty-two feet wide from gutter to gutter and have a gravel surface sixteen feet wide and four inches deep. The bond in suit was designed to ensure the performance of this undertaking.

At the time the bond was given the streets plotted in the tract were not highways. However much the owner might have desired to make them such, nothing done by him could bring that about in the absence of acceptance by the general public or action by the proper authorities. *Riley* v. *Hammel*, 38 Conn. 574, 576. The trial court has found that Rockland Avenue has never become a highway, but the plaintiff seeks to correct this finding. It claims that Rockland Avenue has become a public highway by dedication. Acceptance of a street so as to make it a public highway by this process requires a finding of certain facts; *Phillips* v. *Stamford,* 81 Conn. 408, 411, 71 Atl. 316; and the court has not made that finding. The only evidence

bearing upon the matter is that of one witness who, in answer to a question whether Rockland Avenue had been opened as a street or used by the public, replied that it had been, and then went on to testify more in detail that at one end it connected only with proposed streets not existing in fact; that there were about a dozen houses upon it; and that traffic upon it was such as went to serve the residents of these houses, for hauling provisions and coal, and for their general traffic. The situation so disclosed falls far short of being one which would point to the conclusion of an acceptance of the street by the general public as the only reasonable one, and so permit us to add it to the finding.

The plaintiff also claims that Rockland Avenue has become an accepted highway by virtue of the acts of the selectmen in connection with the taking of the bond. It points particularly to a provision of a special charter granted to the town in 1913, and amended in 1917, which gives to its board of selectmen many of the powers ordinarily exercised by city councils, and, among others, the power to provide for the laying out, establishing, grading and making of highways and streets, and for repairing and keeping them open and safe for public use and travel, and also the power to prescribe the width of all highways, streets, sidewalks and gutters. Special Laws of 1913, p. 916; id. 1917, p. 1217. We have no need now to inquire into the scope of these sweeping provisions. The creation of a highway affects too many rights, individual and public, and imposes upon the town too heavy a responsibility for maintenance and too great a liability for injuries due to defective conditions, to permit it to be done by the board without formal action, duly recorded. *Ray* v. *Huntington*, 81 W. Va. 607, 95 S. E. 23; *Dey* v. *Jersey City*, 19 N. J. Eq. 412, 416. If all

the corrections of the finding sought by the plaintiff which have any substantial basis in the evidence were made, the most that could be claimed upon the record would be that the agreement was made and the bond was given, both papers being filed away in a locker in which the selectmen stored papers of value, that a map showing the streets plotted in the tract was presented to Lally and by him taken to the town clerk, with directions to him to file it, that this was done, and that these acts were followed by the actual opening of Rockland Avenue for use in connection with the lots abutting upon it. Whatever the powers of the selectmen under the charter, these acts would be wholly insufficient to constitute a valid acceptance of the streets plotted in the tract, as highways.

As a matter of fact, the evidence brought before us by the plaintiff in order to secure the corrections of the finding it seeks shows unmistakably that the selectmen did not assume to act under the provisions of the special charter. The only one who testified, Lally, repeatedly and positively stated that the action was taken under "the statute," and by the dates he gives in connection with it and the actions of the parties, this statute is identified as §1436 of the General Statutes, Revision of 1918. It provides, as applied to towns, that no person, company or corporation, excepting municipal corporations, shall lay out any street or highway less than three rods in width, unless with the prior written approval of a majority of the selectmen of the town, and that no such street or highway shall be opened to the public until the grade, layout, location, width and improvement shall have received the written approval of the selectmen. The purpose of this statute is undoubtedly to meet the difficulty inherent in the doctrine of the dedication of highways, which permits acceptance by the general

public, and which makes it possible, where an individual or private corporation has laid out a street, that it shall become a highway through use by the public, no matter how narrow or tortuous it may be, and no matter whether or not it has been in any way improved. *Green* v. *Canaan,* 29 Conn. 157, 162; *New York, N. H. & H. R. Co.* v. *New Haven,* 46 Conn. 257, 262. The statute has to do with the layout and improvement of roads or streets by individuals or private corporations, and the approval of the selectmen is an approval of the layout and opening of private ways and not of public highways; it looks to the possibility of their becoming public highways, but does not constitute an acceptance of them as such. See *Windsor* v. *Whitney,* 95 Conn. 357, 365, 111 Atl. 354.

Rockland Avenue never having become a highway, the plaintiff is under no duty to build or maintain it, and is not liable for injuries suffered upon it. Whether it ever will become a public highway and, if so, when, is entirely problematical and could afford no basis for any present award of damages. *Watson* v. *New Milford Water Co.,* 71 Conn. 442, 451, 42 Atl. 265. It necessarily follows that, even though the plaintiff had a good cause of action upon the bond, it proved no damages and the most it could claim would be a nominal recovery. In this situation, even if the trial court had committed error, a new trial would not follow as a matter of course, certainly not, if substantial justice has been done. *Gold* v. *Ives,* 29 Conn. 119, 123; *Beattie* v. *New York, N. H. & H. R. Co.,* 84 Conn. 555, 559, 80 Atl. 709. Section 1436 of the General Statutes, under which these selectmen acted, is designed to prevent the establishment of too narrow streets and roads and to provide a means of securing a measure of improvement before the burden of maintaining them is cast upon the town. It seeks to secure the accom-

plishment of these purposes by requiring that the selectmen shall give their approval to the filing of a map showing them before it may be filed and to the improvements made upon them before they may be opened for use. To permit the selectmen to allow such streets to be opened merely upon the agreement of the person owning the land over which they are laid out to make improvements in the future, even though the performance of that agreement be secured by a bond, would be to replace the means which the statute establishes for the safe-guarding of the public interest by another, which finds no sanction in its terms. The agreement out of which the bond grew was therefore invalid, and that being so, the bond itself would, upon proper pleadings, be unenforceable; *Page* v. *Trufant,* 2 Mass. 159, 162; *Collier's Admr.* v. *Windham,* 27 Ala. 291, 293; the doctrine of estoppel could not avail to make enforceable an agreement void because of its conflict with the statute. *Durkee* v. *People,* 155 Ill. 354, 360, 40 N. E. 626; *American Credit & Trust Co.* v. *New Era Chandelier Co.,* 208 Ill. App. 181, 185; *Morse* v. *United States,* 29 App. D. C. 433, 449; *Thomas* v. *Burrus,* 23 Miss. 550, 558; *Tinsley* v. *Kirby,* 17 S. C. 1, 6. We need not inquire further into the claims of error, for, in such a situation, no good could come from granting a new trial, and the judgment of the trial court should be affirmed.

There is no error.

In this opinion the other judges concurred.