MILDRED D'ANGELO
*vs.*
CITY OF WATERBURY

| Superior Court | New Haven County | File No. 12523 |
|---|---|---|
| | (At Waterbury) | |

MEMORANDUM FILED MAY 6, 1940.

*Walter W. Smyth, John C. Cassidy* and *Harold C. Ashworth*, of Waterbury, for the Plaintiff.

*J. Gregory Lynch* and *Timothy S. Sullivan*, of Waterbury, for the Defendant.

McEVOY, J.   On August 15, 1937, the plaintiff was a passenger on the rear seat of a motorcycle which was then being operated by its owner along the southerly end of Charles Street, turning westerly into St. Jean Street, both so-called, highways in the City of Waterbury.

Many years prior to that date the agents and servants of the defendant, acting for it and apparently under the belief that these locations were public highways, had installed an inlet or catchbasin on the northerly side of Charles Street near its intersection with St. Jean Street.

This installation was for the purpose of intercepting and catching surface waters which constantly flowed from a spring on St. Jean Street along the surface of St. Jean Street and then to Charles Street.

For the purpose of diverting this flow of water the agents and servants of the defendant had constructed a drain or gully with stone lining diagonally across the easterly extremity of St. Jean Street and into the northerly side of the extension of Charles Street.

This ditch or gully varied in depth from six to fourteen inches and was lined, on its easterly side, with eight or nine large irregularly shaped stones which protruded above the ground surface from four to six inches.

If the inlet or catchbasin had been originally constructed along the northerly edge of St. Jean Street the surplus surface water could readily have been collected in a "gutter" so as to flow easterly along the north side of St. Jean Street into the inlet or catchbasin so constructed there.

This construction would have obviated the existence of the gully or ditch and its stone lining.

The intersection of these two streets had been used by the public for a long time; an electric light had been installed; application had been made for the installation of sewers and water pipes; the defendant had policed the location; it had issued permits for permission to excavate for gas mains and, generally, such course of conduct was followed by the defendant as usually characterizes the maintenance of public highways.

Many years prior to the institution of this action the owner of adjoining land had attempted to dedicate a certain part of his land for highway purposes and, with that in mind, a map had been drawn and filed by the town clerk in due course.

Upon the trial of this action this map was offered as a plaintiff's exhibit and the admission of it was held in abeyance and it was marked "Exhibit B for Identification."

It was offered upon the theory that it was in compliance with the provisions of section 5040 of the General Statutes, Revision of 1930.

Such map may be filed in accordance with the provisions of that section "when such projected highways shall have been accepted by the municipal authorities empowered to approve the layout of highways."

Since the evidence shows that this map was not filed in accordance with the statutory provisions it is excluded as an exhibit for the purpose offered.

Amongst other provisions, the charter of the City of Waterbury, contains the following provision: "Said City shall not be liable for any damages sustained upon, or by reason of, any street or highway that shall hereafter be opened unless the same shall have been laid out as herein provided. The Board of Aldermen shall not be authorized to lay out any highway or street unless at least two-thirds of all the damages occasioned by such layout, and not less than two-thirds of the estimated expense of bringing said street to the grade adopted can be assessed upon property benefited by said layout; and if the Bureau of Assessment be unable to find property so benefited it shall be the duty of said Bureau to report such fact to the Board of Aldermen and thereupon said layout shall be void and of no effect...."

At the time of the occurrence of the incident in question the charter of the City of Waterbury contained this provision: "The City shall not be liable for any damages sustained upon or by reason of any street or highway that shall hereafter be opened unless the same shall have been laid out as herein provided and accepted by the City." Revision of 1931, §248.

Apparently the city did intend to accept and lay out and open these streets because, in the year 1926, many votes were passed by various boards of the city respecting these two locations but none of these votes fairly complied with the existing mandatory statutory provisions.

An individual may waive certain provisions which may not be waived by a municipality nor by anyone acting on its behalf.

"The creation of a highway affects too many rights, individual and public, and imposes upon the town too heavy a responsibility for maintenance and too great a liability for injuries due to defective conditions, to permit it to be done by the board without formal action, duly recorded." *Stratford vs. Fidelity & Casualty Co.*, 106 Conn. 34, 37.

The defendant has alleged, by way of an amended special defense, that: "Both Charles Street and St. Jean Street, at the point where the plaintiff alleges she was injured, are not public highways within the limits of the defendant City and neither has been properly or legally laid out or accepted by the defendant City as provided by its charter."

Upon all of the evidence the defendant has sustained the burden of proving this special defense and it is found that the roads, at the intersection of which this incident occurred, were not then public highways duly laid out in the manner required and in accordance with the mandatory provisions of the charter.

It is found that the city is not chargeable by reason of its failure to comply with the statutory duty which would normally flow from the existence of highways duly dedicated and accepted as such in accordance with the requisite statutory provisions.

The complaint contains an allegation that the City of Waterbury, by its agents and servants, had built a gully and lined it with large stones and that the existence of that gully and of the placed stones made travel dangerous to persons using that location and this creation and maintenance constituted a nuisance,

and that the plaintiff was injured by reason of the existence of the nuisance.

It is undisputed that the defendant did originate and create the existing condition.

It is an inescapable conclusion, upon all of the evidence, that the existing condition did constitute a situation which was inherently dangerous to those using the locus in question.

The net result of the construction and maintenance of the ditch or gully, with its stone lining, was to require that, periodically, and especially after a storm, the dirt and stones be raked or dug out of the gully and this tended to cause a continual source of danger to those using the premises.

The very repair of the gully or ditch required that it be deepened and the deepening of it made it a continuing source of danger...

The evidence shows that the agents and servants of the city regarded this as a street and felt it to be their duty to clean out the gully and to spread the deposit taken from the gully upon the intersection of St. Jean and Charles Streets, so-called.

The plaintiff exercised no control over and gave no direction as to the operation of the motorcycle upon which she was riding.

She was, at all times, in the exercise of reasonable care.

The operator of the motorcycle was unfamiliar with that location and was not in a position to know or to appreciate the risk involved in turning from Charles Street westerly into St. Jean Street at the place and under the circumstances in question.

There was nothing in his conduct which would permit or justify the conclusion that he acted in any manner other than as the reasonably prudent person so placed would have acted.

The construction and maintenance at the place in question was such as to create a natural tendency to do harm and to inflict injury upon one situated as was the operator of the motorcycle upon which the plaintiff was riding and, consequently, upon the plaintiff.

The defendant is properly chargeable with the creation, existence and maintenance of this condition and this constituted

a nuisance and was the proximate cause of the injury to the plaintiff. *Stoto vs. Waterbury,* 119 Conn. 14; *Bacon vs. Town of Rocky Hill,* 126 id. 402 11 A. (2d) 399.

"Whether or not in a situation like the one before us a particular condition upon property constitutes a nuisance does not depend merely upon the inherent nature of the condition, but involves also a consideration of all relevant facts, such as its location, its adaptation to the beneficial operation of the property, the right of members of the public to go upon the land adjacent to it, and the use to which they would naturally put that land." *Balaas vs. City of Hartford,* 126 Conn. 510, 12 A. (2d) 765, 766; *See, also, State vs. Kievman,* 116 Conn. 458, 465; *Murphy vs. Ossola,* 124 Conn. 366, 371; 1 Street, Foundations of Legal Liability (1906) 218; 46 C.J. Nuisances 656.

There was little or no dispute about the nature, extent and severity of the injuries to the plaintiff. These injuries are permanent and progressively injurious. No useful purpose would be served by detailing the nature and extent of the plaintiff's injuries.

The issues are found in favor of the plaintiff and upon the theory of nuisance and not upon the theory of failure on the part of the defendant to comply with its statutory duty in the maintenance of a highway.

Judgment may be entered in favor of the plaintiff to recover of the defendant the following items:

| | |
|---|---|
| Medical services | $ 150.00 |
| Hospital bill | 241.01 |
| Loss of earnings from August 15, 1937 to March 26, 1938, 32 weeks at $14 a week | 448.00 |
| Pain and suffering and personal injury | 5,000.00 |
| Total | $5,839.01 |

for which sum, and her costs, judgment may be entered in favor of the plaintiff and against the defendant.