THE WHIPPOORWILL CREST COMPANY *v.* TOWN OF STRATFORD

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued March 4—decided April 22, 1958

*Isadore Chaplowe,* for the appellant (plaintiff).

*Raymond W. Ganim,* for the appellee (defendant).

DALY, J.   The plaintiff sought an injunction, an order that the defendant release and discharge a sewer assessment lien, and other relief.   The court rendered judgment for the defendant, and the plaintiff has appealed.

The plaintiff asks to have certain facts added to the finding. The additions sought would not directly affect the ultimate facts upon which the judgment depends. As no useful purpose would, therefore, be served by making these corrections, they are not made. *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation*, 142 Conn. 349, 357, 114 A.2d 216.

The court found the following facts: On January 8, 1947, the Stratford town planning board approved a subdivision map of the plaintiff's land showing the proposed layout of ninety-one lots and six streets. The map was recorded in the town clerk's office. The plaintiff sold the majority of the lots in the development but still owns Nos. 56 and 75. On December 13 , 1948, the town council approved and accepted as and for a public highway the portion of Robin Lane, one of the streets shown on the map, which extends northerly from Whippoorwill Lane for a distance of 245 feet. This portion had been constructed in accordance with an ordinance, adopted July 14, 1947, which provided for the acceptance of streets, boulevards or highways in the town. Lots Nos. 56 and 75 border on Robin Lane north of the portion which was accepted by the council. In compliance with provisions of the town charter relating to the acceptance and construction of streets and public ways, the ordinance committee of the council gave the plaintiff and other interested parties notice of a public hearing which was held by the committee on June 2, 1952, for the purpose of hearing persons who favored, and those who opposed, the construction of sanitary sewers in certain streets and rights of way, including the portion of Robin Lane on which lots Nos. 56 and 75 bordered. The council, acting on the recommendation of the committee, unanimously

adopted, on June 9, 1952, a resolution ordering the construction of sewers in the streets and rights of way which were specified in the notice. The construction of the sewers was completed on January 19, 1953. In each of the deeds executed by the plaintiff to a purchaser of land shown on the subdivision map, the lot number of the premises and the proposed adjoining street or streets had been referred to "as shown on said map." The portion of Robin Lane in which the sewers were constructed is covered with vegetation. It had not been used as a street until the sewers were installed, when a so-called contractor's road was constructed.

The court concluded that the plaintiff, by its acts and conduct, had manifested its intention to, and did, dedicate to the public use the portion of Robin Lane on which lots Nos. 56 and 75 were located; that the adoption of the resolution by the council on June 9, 1952, and the expenditure of public funds in constructing the sewers evidenced the acceptance of that portion of the street; and that a sewer assessment lien filed by the defendant on lots Nos. 56 and 75 was valid. The plaintiff claims that the court erred in reaching these conclusions.

Dedication is an appropriation of land to some public use, made by the owner of the fee, and accepted for such use by and in behalf of the public. No particular formality is required in order to dedicate land to a public use. A dedication may be express, as where the intention to dedicate is expressly manifested by an explicit oral or written declaration or deed of the owner, or it may be implied from acts and conduct of the owner of the land from which the law will imply such an intent. An implied dedication, that is, arising by operation of law from the conduct of the owner of the property, rests upon the

broad common-law doctrine of equitable estoppel. *Kent* v. *Pratt*, 73 Conn. 573, 578, 48 A. 418. Whether there has been a dedication is a question of fact. Likewise, the determination of the extent to which there has been an acceptance of a street involves a question of fact. *Johnson* v. *Watertown*, 131 Conn. 84, 90, 38 A.2d 1. Neither the original construction nor the subsequent repair of a street possesses "binding force as creating an acceptance, and acceptance may be shown in other ways." *Phillips* v. *Stamford*, 81 Conn. 408, 413, 71 A. 361. Evidence of the acceptance of a street by a municipality is found in the affirmative act of taking possession thereof for the purpose of placing sewers therein. *Consumers Co.* v. *Chicago*, 268 Ill. 113, 132, 108 N.E. 1017. On the facts, the court did not err in reaching its conclusions.

There is no error.

In this opinion the other judges concurred.