## Salvatore DiCioccio et al. *v.* Town of Wethersfield

Baldwin, King, Murphy, Mellitz and Shea, Js.

Argued April 8—decided June 3, 1959

*Francis C. Vignati,* for the appellant (plaintiff McKeon).

*Thaddeus Maliszewski,* for the appellants (plaintiffs DiCioccio).

*Edward H. Kenyon,* for the appellee (defendant).

MELLITZ, J. The plaintiffs brought this action to enjoin the town of Wethersfield from building a road on their properties on Charter Road and from enforcing any assessment for such road construction. The question involved is whether a highway known as Davis Road is a public highway.

Davis Road is one of a number of streets which appear on a map of a subdivision plan which was approved by the Wethersfield town plan commission on August 8, 1939, and filed in the town clerk's office on September 28, 1939. A second map, showing the same street layout and the subdivision of the tract, which included about sixty-five acres, into lots, was also approved by the commission on August 8, 1939. A portion of the property shown on these maps was owned by Frederick I. Griswold, predecessor in title of the plaintiffs DiCioccio, and another portion by Oliver A. Davis, predecessor in title of the plaintiff McKeon. The layout of Davis Road on the maps

was in accordance with the directions of Griswold and Davis, and as laid out, the highway was fifty feet wide, the northerly twenty-five feet on the property of Davis and the southerly twenty-five feet on the property of Griswold. The maps were submitted by Griswold to the commission for approval with the knowledge, approval and acquiescence of Davis. Both Griswold and Davis attended the hearing of the commission on the subdivision plan as shown on the maps and stated that they wished to share equally in giving the land for Davis Road. During the hearing, in the presence of Griswold and Davis, the town engineer pointed out to the commission that Griswold and Davis were each giving up twenty-five feet of land for the highway.

Other maps approved by the commission in 1948, 1954 and 1955 and recorded in the Wethersfield land records, as well as official maps of the town prepared in 1941, 1944, 1952 and 1957, show Davis Road as it was located on the maps approved on August 8, 1939. At the corner of Davis Road and Charter Road, and of Davis Road and Valley Crest Drive, the town set concrete merestones to mark the location of Davis Road. In 1950, an assessment against the northerly half of Davis Road for a water main on Charter Road was abated by the metropolitan district because that half was part of a dedicated highway. Commencing with the tax list of October 1, 1953, the town assessed no taxes against the land comprising Davis Road. Since 1954, the westerly portion of Davis Road, running between Valley Crest Drive and Waters View Drive, has been used by the public, and in particular by milk trucks, delivery trucks and school children. It has a dirt surface, and since 1954 has been cleared of snow by the town. In 1957, the town improved the

surface of the westerly portion with gravel. The easterly portion, which runs through the properties of the plaintiffs, has never been used by the public, is covered with grass and appears to be a lawn.

The deed to the plaintiffs DiCioccio of the lot on the southwest corner of Davis Road and Charter Road includes the southerly twenty-five feet of Davis Road, and the deed to the plaintiff McKeon of the lot on the northwest corner includes the northerly twenty-five feet of Davis Road. At the time they acquired their respective properties, the plaintiffs had actual knowledge that Davis Road was a proposed street and knew that it crossed their properties. The existence of Davis Road is recognized in their respective chains of title. The map recorded on September 28, 1939, showing Davis Road, is referred to in each chain of title. The northerly boundary line of the DiCioccio property is described as the center line of a proposed new street called Davis Road; and when the DiCioccios gave a mortgage of their property in 1953, they bounded it on the north on Davis Road. The southerly twenty-five feet of the McKeon property, that is, the northerly twenty-five feet of Davis Road, is referred to in the chain of title as reserved to the grantors as a right of way. Both the DiCioccio and the McKeon properties have been referred to by the plaintiffs and their predecessors as corner lots. The application of the plaintiffs DiCioccio for a building permit shows the property as a corner lot, and the dwelling constructed thereon is so located as to comply with the town building and zoning requirements for a corner lot. The same is true with respect to an application of a predecessor of the plaintiff McKeon for a building permit, and the construction of the dwelling pursuant thereto.

In 1939, when the subdivision maps showing the layout of Davis Road were approved by the town plan commission, the area was open farm land with very few houses. During the following ten years there was little change so far as residential development was concerned, and in 1950 the area was still practically virgin territory. Most of the houses in the subdivision have been constructed, and most of the streets paved and opened to public use, since 1950. In 1956 the town acquired a site in the subdivision for a new elementary school, which was opened in September, 1957. Davis Road provides convenient access to the school from Maple Street and Charter Road, which are within the district served by the school. There is no other access to the school from these streets except by a long, circuitous route. Prior to the opening of the school, there was no need of the town or the surrounding property owners for the acceptance and construction of Davis Road, and the formal acceptance of the highway, as well as plans for paving it, was deferred until 1957 because neither the development of the area nor the public interest required it before that time. The paving of the highway was requested by a petition of interested property owners filed on August 26, 1957; and on October 21, 1957, upon the recommendation of the commission, the town council voted to accept the highway as a public highway and to pave it on an assessment basis. The plaintiffs, who have incorporated into their lawns their respective halves of Davis Road as it abuts their properties, contest the legality of the town's action.

The trial court concluded that Davis Road is a public highway, having been dedicated to such use by Griswold and Davis, predecessors in title of the plaintiffs, and having been effectively accepted as a

public highway by the town and the general public. The plaintiffs do not dispute that there was an intent on the part of Griswold to dedicate his portion of the highway, but they contend that no intent on the part of Davis to dedicate his portion has been shown and that there has been no effective acceptance. It is essential to a valid dedication that there be a manifested intent by the owner to dedicate the land in question for the use of the public, and an acceptance by the proper authorities or by the general public. *Johnson* v. *Watertown,* 131 Conn. 84, 89, 38 A.2d 1; *Stratford* v. *Fidelity & Casualty Co.,* 106 Conn. 34, 36, 137 A. 13. Whether there has been a dedication and whether there has been an acceptance are questions of fact. *Whippoorwill Crest Co.* v. *Stratford,* 145 Conn. 268, 272, 141 A.2d 241; *Phillips* v. *Stamford,* 81 Conn. 408, 411, 71 A. 361. The evidence before the court that Davis was present at the hearing of the town plan commission when the original maps showing Davis Road were under consideration, that he approved the maps, and that he wished to share equally with Griswold in giving the land for Davis Road was clear and unequivocal. It, together with the other evidence before the court, amply warranted the finding that there was a dedication by Davis, as well as by Griswold, of the land required for the layout of Davis Road as it appears on the various maps in evidence. The contention of the plaintiffs that for an express dedication by Davis to be valid it was required to be in writing is without merit. *Whippoorwill Crest Co.* v. *Stratford,* supra.

The formal action of the town council in voting to accept Davis Road as a public highway, upon the recommendation of the commission, fully complied with the statutory requirements and constituted an

effective acceptance of the highway as a public highway. Rev. 1949, §§ 2118, 857 (Rev. 1958, §§ 13-3, 8-24). The plaintiffs contend that action by the town council was not of itself sufficient to constitute acceptance of the highway as a public highway and that there could not be an adequate acceptance without proof of actual user of the highway by the unorganized public, citing *New York, N.H. & H.R. Co.* v. *New Haven,* 46 Conn. 257, 263; *Stratford* v. *Fidelity & Casualty Co.,* 106 Conn. 34, 37, 137 A. 13; *Merino* v. *George F. Fish, Inc.,* 112 Conn. 557, 561, 153 A. 301; *LaChappelle* v. *Jewett City,* 121 Conn. 381, 387, 185 A. 175; and *Chattaway* v. *New London,* 133 Conn. 377, 385, 51 A.2d 917. In the *Stratford* case, supra, 39, which was decided in 1927 and in which the question whether the action taken by the selectmen was sufficient to constitute acceptance of a street as a public highway was under consideration, we said of the statute which is now entitled "Layout by individuals" and is § 13-25 of the 1958 Revision (Rev. 1918, § 1436): "The statute has to do with the layout and improvement of roads or streets by individuals or private corporations, and the approval of the selectmen is an approval of the layout and opening of private ways and not of public highways; it looks to the possibility of their becoming public highways, *but does not constitute an acceptance of them as such.*" (Italics supplied.) Immediately following this decision, the legislature enacted chapter 248 of the Public Acts of 1927. Section 1 of that chapter, now § 13-3 of the 1958 Revision, gave specific authority to a municipality to accept as a public highway any street or highway situated in it. Section 2 validated the action of any municipality theretofore taken in accepting any highway as a public highway. Where the legislature

establishes the conditions necessary for a dedication of land for public purposes, the statutory provisions are controlling. *Chattaway* v. *New London,* supra.

When, as in the present case, a municipality, by formal action in conformity with the statutory requirements, expressly accepts a street as a public highway, no further action on the part of the general public is required to constitute the street a public highway. In none of the cases cited by the plaintiffs since the *Stratford* case, supra, was there any express formal action, in conformity with the statutory requirements, on the part of the municipality purporting to accept the highway. Furthermore, the conclusion that there was an effective acceptance in the present case is fortified by the facts found of user by the public and affirmative action by various public bodies. These include the extensive use of the westerly portion of Davis Road since 1954 by school children and delivery trucks, the setting of merestones for the purpose of marking the location of the highway, the abatement by the metropolitan district in 1950 of a water main assessment, and exemption of the land comprising the highway from taxation since 1953. *Kenneson* v. *Bridgeport,* 130 Conn. 298, 302, 33 A.2d 313.

The conclusion that the acceptance was made within a reasonable time was fully warranted upon the finding that public need for formal acceptance did not arise until the opening of the elementary school in September, 1957. A dedication must be accepted within a reasonable time, and what is a reasonable time is to be determined by consideration not merely of the time elapsed but of the need and convenience of the public and all of the other pertinent facts and circumstances. 11 McQuillin, Municipal Corporations (3d Ed.) § 33.55; *Derby* v. *Alling,*

40 Conn. 410, 435. The development of the area, after the filing of the subdivision plan in 1939, was gradual, with relatively little residential construction until 1950. Thereafter it proceeded apace and the new elementary school was opened in the fall of 1957, so that the town plan commission then found it desirable in the public interest to recommend to the town council that the street be formally accepted, and formal action by the town council then followed. Upon the facts established, the court was not in error in reaching its conclusions.

There is no error.

In this opinion the other judges concurred.