A & H Corporation et al. *v.* City of Bridgeport

Cotter, C. J., Loiselle, Bogdanski, Peters and Healey, Js.

Argued February 14—decision released April 29, 1980

*Mary E. Sommer,* for the appellants (plaintiffs).

*Thomas W. Bucci,* with whom was *Jack Samowitz,* for the appellee (defendant).

ARTHUR H. HEALEY, J. The six individual plaintiffs, as citizens of this state, brought this action, pursuant to General Statutes § 13a-103,[1] seeking to have the court order the defendant city of Bridgeport to pave and maintain properly Serpentine Road as a public highway in that city. The trial court found that Serpentine Road was not a public highway and therefore denied the relief sought under § 13a-103. From the judgment rendered, the plaintiffs have appealed to this court.

The trial court based its decision on the following relevant facts: According to the map placed in evidence by the plaintiffs, Serpentine Road runs between the intersection of Anton Drive and Oxbridge Road and the terminus of Palmetto Road. Only approximately 300 feet of this road, from the intersection of Anton Drive and Oxbridge Road, is

[1] General Statutes § 13a-103 provides in relevant part: "Whenever any town fails to keep any highway within such town in good and sufficient repair or whenever the selectmen of any town fail to remove or cause to be removed any encroachments upon any highway in such town or to make such alterations or improvements therein as may be required by common convenience or necessity, the superior court for the judicial district in which such highway is located, upon the written complaint of six or more citizens of this state under oath, after due inquiry made by it, shall appoint a time and place when and where all persons interested may appear and be heard upon the propriety of such repairs, or of the removal of such encroachments, or of the making of such alterations and improvements, and shall give notice thereof to the first selectman of such town and to the person or persons maintaining such encroachments by causing a true and attested copy of such complaint . . . . If the court finds that such highway should be repaired or that such encroachments should be removed or that such alterations and improvements should be made, it shall order the selectmen of such town to cause such highway to be repaired and such encroachments to be removed and such alterations and improvements to be made, and shall prescribe the manner and extent of such repairs and of the removal of such encroachments and of the making of such alterations and improvements and the time within which the work shall be done, and may, for reasonable cause, extend such time."

paved, however. The pavement ends abruptly and is followed by ground in its natural state, not staked or worn by traverse or otherwise distinguishable from the natural area adjoining it. The map discloses that from the paved portion, "Serpentine Road" exists only as a right-of-way for approximately 550 feet. There are four homes located on four lots adjacent to the paved portion of the road. The president of the plaintiff corporation saw, on one occasion some years ago, city equipment oil and sand the paved portion of the road, and he has also observed city equipment plowing the paved portion during the winter months. Private cars and delivery and service vehicles use the paved portion of Serpentine Road. A storm drain was installed on the undeveloped portion of Serpentine Road immediately adjacent to Palmetto Road for the purpose of draining water running off Palmetto Road to a nearby brook. An easement was acquired by the city to install this storm drain. The city of Bridgeport has not assessed property taxes upon the property known as Serpentine Road.

On appeal the plaintiffs claim that the trial court erred: (1) in ruling that the plaintiffs were not entitled to maintain an action under General Statutes § 13a-103 because they did not own property abutting the street in question; (2) in ruling that the plaintiffs were not entitled to relief under § 13a-103 because Serpentine Road had not been formally accepted by the defendant city; and (3) in failing to conclude that common-law principles of dedication as applied to the facts of this case established, as a matter of law, that Serpentine Road is a public highway.

The first two claims merit little discussion. It is clear from the record that the trial court did not,

as the plaintiffs claim, deny the relief requested in their complaint on the ground that they were not owners of property abutting the street in question. The court denied the relief sought on the basis of its conclusion that Serpentine Road is not a public highway as required by § 13a-103. Likewise, the plaintiffs' claim that the trial court committed error in ruling that they were not entitled to relief under § 13a-103 because Serpentine Road had not been formally accepted by the city is without merit. The court did not so rule. Although the court acknowledged that there was no evidence that Serpentine Road "had ever been formally dedicated [or] formally accepted by the City of Bridgeport," a fact which the parties agreed was not in issue, the court then considered the plaintiffs' claim that the city had "accepted Serpentine Road as a city road by implication from its acts and from usage by the general public." The trial court's memorandum of decision clearly discloses that the court recognized that this claim invoked the common-law principles of dedication of highways and it applied those principles to the evidence in concluding that the plaintiffs were not entitled to relief under § 13a-103.

We now turn to the plaintiffs' claim that the court was required, as a matter of law, to conclude on the facts of this case that this road was a public highway. "Dedication is an appropriation of land to some public use, made by the owner of the fee, and accepted for such use by and in behalf of the public." *Whippoorwill Crest Co.* v. *Stratford,* 145 Conn. 268, 271, 141 A.2d 241 (1958); see *Crescent Beach Assn.* v. *East Lyme,* 170 Conn. 66, 71, 363 A.2d 1045 (1976); *Wamphassuc Point Property Owners Assn.* v. *Public Utilities Commission,* 154 Conn. 674, 680–81, 228 A.2d 513 (1967); 23 Am. Jur. 2d, Dedication

§ 1. As we recently said in *Meshberg* v. *Bridgeport City Trust Co.*, 180 Conn. 274, 279, 429 A.2d 865 (1980), "two elements are essential to a valid dedication: (1) a manifested intent by the owner to dedicate the land involved for the use of the public; and (2) an acceptance by the proper authorities or by the general public." See *DiCioccio* v. *Wethersfield*, 146 Conn. 474, 479, 152 A.2d 308 (1959); *Johnson* v. *Watertown*, 131 Conn. 84, 89, 38 A.2d 1 (1944). Under common-law principles of dedication, "the intention to dedicate the way to public use may be implied from the acts and conduct of the owner, and public acceptance may be shown by proof of the actual use of the way by the public." *Wamphassuc Point Property Owners Assn.* v. *Public Utilities Commission,* supra, 681. Similarly, acceptance by the municipality may be accomplished through formal proceedings; see General Statutes § 13a-48; or, by implication, through its conduct. *Meshberg* v. *Bridgeport City Trust Co.,* supra; *DiCioccio* v. *Wethersfield,* supra, 479; 11 McQuillin, Municipal Corporations (3d Ed. Rev.) § 33.48.

Because it is conceded that Serpentine Road was neither expressly dedicated to a public use nor formally accepted for that use by the municipality, we must determine whether the court was justified in concluding that Serpentine Road is not a public highway based upon the common-law principle of implied dedication and acceptance.

### DEDICATION

An implied dedication may arise by operation of law where the conduct of a property owner unequivocally manifests his intention to devote his property to a public use; but no presumption of an intent to dedicate arises unless it is clearly shown

by the owner's acts and declarations, the only reasonable explanation of which is that a dedication was intended. *Mihalczo* v. *Woodmont,* 175 Conn. 535, 542, 400 A.2d 270 (1978); see *LaChappelle* v. *Jewett City,* 121 Conn. 381, 386, 185 A. 175 (1936); 11 McQuillin, Municipal Corporations (3d Ed. Rev.) § 33.37. Absent such unequivocal conduct, the existence of an intent to dedicate is a question of fact. *Lynch* v. *West Hartford,* 167 Conn. 67, 78, 355 A.2d 42 (1974); *Whippoorwill Crest Co.* v. *Stratford,* supra, 272.

From the facts contained in the court's decision, it is clear that a presumption of intent to dedicate arose with respect to that portion of Serpentine Road that is paved. The existence of homes along the paved road, the open and continuous use by the public of that portion of Serpentine Road, and the absence of evidence of private control of the road supports but one conclusion: the intention to dedicate that portion of Serpentine Road arises by operation of law. See *Mihalczo* v. *Woodmont,* supra, 542; McQuillin, op. cit., §§ 33.30, 33.31, 33.37. The trial court, therefore, erred in its conclusion that no dedication had been proved with regard to the paved portion of Serpentine Road. There is an absence of facts sufficient to support a conclusion that the unpaved portion of Serpentine Road had been dedicated and the trial court's conclusion on that point will not be disturbed.

### ACCEPTANCE

As we pointed out in *Meshberg* v. *Bridgeport City Trust Co.,* supra, common-law acceptance of property dedicated to the public for a public way may be established by the public's actual use of the property or by the actions of the municipality. Id.

The plaintiffs' claim requires us to determine whether, as a matter of law, acceptance was established from the facts relied upon by the trial court. The public's use of the property "must continue over a significant period of time; 11 McQuillin, Municipal Corporations (3d Ed. Rev.) § 33.50; and be of such a character as to justify a conclusion that the way is 'of common convenience and necessity.'" *Meshberg* v. *Bridgeport City Trust Co.,* supra; see *Kenneson* v. *Bridgeport,* 130 Conn. 298, 300–301, 33 A.2d 313 (1943). The municipal actions that may constitute acceptance include grading, paving, maintaining and improving a street, as well as removing snow from it; the street's exemption from taxation may also be significant. *Meshberg* v. *Bridgeport City Trust Co.,* supra; see 23 Am. Jur. 2d, Dedication § 78.

The combination of facts supporting common-law acceptance by the public and the municipality are so compelling with respect to the paved portion of Serpentine Road that we conclude that acceptance of that portion has been established as a matter of law. The public's continued use of this road for at least five years, coupled with the fact that the street is not only of common convenience to the residents of the homes alongside it and to their guests, but a necessary access route to those homes, require a conclusion that the public has accepted the street by actual use. Moreover, the municipality's action to repair and maintain the paved road, remove snow from it, and exempt it from property taxation buttresses our conclusion of acceptance. Once again, the same cannot be said with reference to the undeveloped portion of Serpentine Road, which is devoid of public use and municipal improvement.

We are not in this case faced with the proposition that acceptance of part of a street by the municipality for a public use constitutes constructive acceptance of the entire street; see *Johnson* v. *Watertown,* 131 Conn. 84, 90–92, 38 A.2d 1 (1944); *Hall* v. *Meriden,* 48 Conn. 416, 429–31 (1880); *Derby* v. *Alling,* 40 Conn. 410, 435 (1873); because, as we have indicated, there was no basis for a conclusion that the undeveloped portion of Serpentine Road was ever expressly or impliedly dedicated to a public use. There can be no acceptance by a municipality where there has been no dedication. Moreover, where implied acceptance is concerned, we have said that "if the actions of the public, or of municipal officers for that matter, 'are such as to show an intention to accept all rather than a part they will be construed as having that effect, but . . . acceptance of a part is not necessarily an acceptance of all.' " *Meshberg* v. *Bridgeport City Trust Co.,* supra, quoting 11 McQuillin, Municipal Corporations (3d Ed. Rev.) § 33.57. Therefore, even if an intention to dedicate the undeveloped portion of Serpentine Road could be presumed, the actions of the municipality and the public clearly evince an intention only to accept the paved portion of that road. Cf. *Johnson* v. *Watertown,* supra, 91.

The trial court erred in its conclusion that there was no dedication or acceptance of the paved portion of Serpentine Road. That error is harmless, however, as it does not affect the disposition of the case. The plaintiffs sought to have the trial court order the defendant city to maintain and improve a public highway pursuant to General Statutes § 13a-103. The trial court correctly concluded that the unimproved portion of Serpentine Road is not a public highway. Hence, no municipal duty arises

with respect to it. *Waterford* v. *Cone,* 148 Conn. 113, 114, 167 A.2d 854 (1961). Although the trial court incorrectly concluded that the paved portion of Serpentine Road is not a public highway, there was no evidence that the paved portion of the road is in need of repair or improvement of any kind. The president of the plaintiff corporation so testified. Thus, the plaintiffs were not entitled to relief under General Statutes § 13a-103. The trial court's judgment will be affirmed, though based on erroneous grounds, if the same result is required by law. *Reinke* v. *Greenwich Hospital Assn.,* 175 Conn. 24, 29–30, 392 A.2d 966 (1978); *Morris* v. *Costa,* 174 Conn. 592, 597–98, 392 A.2d 468 (1978); Maltbie, Conn. App. Proc. § 36.

There is no error.

In this opinion the other judges concurred.