[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, The Branford Partnership, seeks to establish in this declaratory judgment action that a roadway abutting the property on which it is developing a residential subdivision in Branford is a public highway which will provide access to that subdivision without the need to build a further access road to Cherry Street. The defendant town characterizes the roadway as a driveway that provides access from Cherry Street to the town's public works department and a fire station. The town denies that the driveway is a public highway.
Notice of this action has been provided to all abutters and has been published in a newspaper of general circulation in CT Page 4266 Branford, and the court finds that the plaintiff has complied with all requirements of 390(d) P.B., which requires notice to persons having an interest in the subject matter of an action seeking a declaratory judgment.
The court finds the facts to be as follows. In December 1960, the Town of Branford purchased from the Malleable Iron Fittings Company two tracts of land between North Main Street and Cherry Street. The first parcel consisted of 4.70 acres with 592 feet of frontage on North Main Street. The second parcel consisted of an irregular strip approximately sixty feet wide running from the rear of the first parcel to Cherry Street, where it is fifty feet wide. In approximately 1963 the Town built a fire station on the first parcel. A paved roadway from North Main Street provides access to the parking area and other paved areas around the fire station. A paved roadway extends from this paved area out to Cherry Street. According to John H. Tweed, who was a firefighter in 1963 and fire chief from 1970 to 1984, the purpose of the roadway from the fire station to Cherry Street was to allow quick access to the fire station for the members of several companies of volunteer fire fighters from the south part of Branford, who would otherwise have had to drive around a long block to get to the fire station. Since 1963, there has been a sign at the North Main Street entrance indicating that the roadway was "Not a thru street". A similar sign was installed at the Cherry Street end but at least from 1988 through 1991 it was not there, probably as a result of vandalism.
Some time after the fire station was built, a public works garage and salt and sand storage areas were established on the first parcel. The area between the fire station and the public works garage provides access from North Main Street; and the paved area on the fire station site is used for parking, for unloading of buses when children and tour groups visit, and for access by various groups to a meeting room at the fire station and to a picnic area which was built and maintained by volunteer Firefighters and which is used with their permission by civic groups for outings. The fire station is a polling place on election day. For all of the activities listed above, members of the public approach the fire station both from North Main Street and from Cherry Street via the paved roadways described above.
Some members of the public also traverse this roadway as a through route or short cut from Cherry Street to North Main Street without stopping to do any business at the fire station or CT Page 4267 public works garage. To do this, they traverse a paved area used for parking, car washing, and outdoor basketball and jog around the end of the fire station to exit through the driveway that leads from North Main Street. No markings demarcate a lane or road area separate from the paved area used for these other purposes, and firefighters frequently call out to motorists that the area is not to be used as a through street.
No evidence was presented to establish that the Town has ever designated the roadway as a town road by authorized action of any Town official. Minutes of a meeting of the Town's Board of Selectmen indicate that on January 15, 1991, Richard Sullivan, a partner of the plaintiff partnership, "addressed the Board with regard to their proposal for a roadway along the Town's emergency access on Cherry Street" and that a majority of the selectmen voted "to deny the request and not allow the driveway to become a roadway." (Ex. 12)
The Town has never listed the roadway at issue as a town road for purposes of obtaining funds from the State for road maintenance. The roadway has no name, no lights, and, except for the area near the fire station and public works building, no storm drains or curbs. The owners of residential properties abutting the roadway to the rear of the fire station do not use this roadway for access to their properties.
Dedication of a roadway as a public highway may result either from a formal acceptance and designation of a road as a public highway by a governmental authority or by an implied dedication resulting from the acts and conduct of the owner of the roadway and actual use of the way as a highway by the public. A H Corporation v. Bridgeport, 180 Conn. 435, 3439 (1980); DiCioccio v. Wethersfield, 146 Conn. 474, 479 (1959); Wamphassuc Point Property Owners Association v. Public Utilities Commission,154 Conn. 674, 680-81 (1967).
Whether there has been a dedication for use as a public highway and whether there has been an acceptance are questions of fact. Ventres v. Farmington, 192 Conn. 663, 667 (1984); DiCiocci v. Wethersfield, supra, at 479; Whipporwill Construction Co. v. Stratford, 145 Conn. 268, 272 (1958).
The court finds that the Town has never dedicated the roadway in question as a public highway but has sought to maintain it only as a driveway for access to the fire station and CT Page 4268 public works department.
Several witnesses presented by the plaintiff testified that some members of the public use the roadway as a through route rather than as a driveway by which to approach the public buildings as a destination. In the absence of a dedication by the owners of a property of that property for use as a public highway, the actual use of the property as such is not sufficient to convey the status of a public road. Both dedication and acceptance are necessary. As the Connecticut Supreme Court stated in Meder v. Milford, 190 Conn. 72, 74 (1983) and Meshberg v. Bridgeport City Trust co., 180 Conn. 274, 279, ". . .two elements are essential to a valid dedication: 1) a manifested intent by the owner to dedicate the land involved for the use of the public and 2) an acceptance by the proper authorities or by the general public."
Pursuant to 7-148(c)(6)(H)(xii) C.G.S., municipalities have authority to regulate the use of public property, and a town is under no duty to designate all roadways or driveways on public property as public highways.
Though the roadway at issue is open for public use, as publicly owned driveways to municipal facilities generally are, the Town's restrictions on that use are not abrogated by the fact that some members of the public fail to comply with restrictions.
Robert Streeto, who rents from the plaintiff a house abutting the Cherry Street entrance to the roadway testified that he sees cars entering the roadway from Cherry Street but cannot see whether their destination is the fire station. He testified that he does not use the roadway as a through street but goes "the other way" to get to North Main Street. The court infers that Mr. Streeto's perception is that the roadway in question is not a public street but a rear driveway to public buildings, and that he obeys the sign that designates it as "not a thru street".
The court concludes that when motorists use the roadway at issue as a through route, they do so because they perceive the driveways as forming a convenient shortcut, not because the roadways have ever been dedicated by the defendant for use as a public road.
The court draws no conclusion from the text of the deeds from Malleable Iron Fittings Company to certain abutters, which CT Page 4269 indicate an extension of their rear boundaries "in case a public highway is opened within twenty-four feet easterly of the eastern border. . . ." [emphasis supplied] (Ex. 3, 4, 5, 6). The private grantor certainly had no authority to commit the Town to the eventual dedication of a road, and there is no record of any governmental designation of the roadway as a public road at any time after the issuance of these deeds in the 1930's.
The court finds that the Town of Branford has not dedicated the access roadway to the fire station and public works building as a public highway and that it is not a public highway.
Judgment shall enter in favor of the defendant as to all of the plaintiff's claims for relief. The defendant shall recover its court costs.
Beverly J. Hodgson Judge of the Superior Court