[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard Giannetta has appealed a decision of the defendant, Harwinton Zoning Board of Appeals, denying his application for a variance. The plaintiff sought a rear lot variance in order to split the property into two parcels. After a public hearing held on August 14, 1991, the board reached the following decision:
 It was unanimously voted to deny the application of Richard Giannetta, 81 Cemetery Rd., Harwinton, requesting a rear yard variance from Section 8.6, 8.6.1, 8.6.2, 8.6.3, 8.6.4 of the Zoning Regulations, for the purpose of splitting the property into two parcels, for the reason there is a lack of legal hardship, granting of variance would create two substantially nonconforming lots and the variance would result in a substantial deviation from current zoning requirements.
The plaintiff is the owner of a parcel of land on the northerly side CT Page 4050 of a dead end passway leading to Cemetery Road consisting of 3.016 acres as well as the applicant. The action of the zoning board of appeals directly affects his property rights and therefore he is aggrieved and entitled to appeal, Smith v. Planning and Zoning, 203 Conn. 317, 321; Point O'Woods Association, Inc. v. Zoning Board of Appeals, 178 Conn. 364, 366. Connecticut General Statutes Section 8-8.
At the hearing before the board, the plaintiff testified that ". . where I live, the problem that I have is that it is not a town road where I live. The town maintains the road. . . ". Based upon comments made by Lloyd Shanley, the plaintiff now claims that the board should have found that his property was on a town accepted road. Mr. Shanley stated that the town plows up to the end of the road as well as the following:
 Lloyd Shanley — "Just one thing. Prior to Zoning this little village was not in existence, except for one home and an (sic) converted barn that has occupants since, but prior to 1955 the town has plowed that little lane-way as it does now, maintaining — to save the equipment — sort of a quasai (sic) type of language. . it's no mans's (sic) land. .through history the town has been maintaining it, but the homes — most part up in there — don't meet today's standards, but for the most part were created prior to the Zoning and that is why the odd configuration — private lane."
General Statutes Section 13a-48 provides that "any municipality whose duty it is to maintain the highways within its limits may, except as otherwise provided in its charger, at any annual or special meeting held for that purpose, accept as a public highway any proposed highway situated in such municipality." Acceptance may be accomplished through formal proceedings or by implication through its conduct. A H Corporation, et al v. Bridgeport, 180 Conn. 435, 439.
General Statute Section 8-6 does not empower a board of appeals to make a new ordinance for a particular property; it only allows the board to grant a variance. Talarico v. Conkling, 168 Conn. 194, 197. There is nothing in the statute or its zoning regulations to permit the board to determine whether Cemetery Road was a town road.
The proposed subdivision of the property would render two rear lots. A rear lot is defined by sections 8.6 and section 5 of the Harwinton Zoning Regulations as a lot that does not meet the requirement for minimum lot width on a public street. The proposed division of the plaintiff's property would create violations of Section 8.6.
The plaintiff's claimed hardship was stated in paragraph four of his application as "Due to a difficult divorce I must split the property to save the remaining half." Again, at the hearing the plaintiff admits that his divorce requires him to divide the lot. The plaintiff claims a financial hardship, due to the circumstances of his divorce. The CT Page 4051 Supreme Court has repeatedly ruled that hardships which are self-induced or consist of financial disappointment are an insufficient basis for varying the applications of the zoning regulations. Dolan v. Zoning Board of Appeals, 156 Conn. 426, 431 (1968), and Abel v. Zoning Board of Appeals, 172 Conn. 286, 289 (1977).
In the present case, the plaintiff purchased the property in November of 1982 long after the effective date of the zoning regulations. The zoning regulations impose no hardship upon the property, rather, as admitted by the plaintiff, it was his divorce that imposed a financial hardship upon him. This is not legal grounds for granting variances.
For the reasons stated, the appeal is dismissed.
PICKETT, J.